PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| JERRY BAKER V. VVPP DARREN YOUNG #605 | 5:14-11951 |

## CAUSE OF ACTION—Intentional Tort     Page 1

_____ (number)

ATTACHMENT TO ☑ Complaint     ☐ Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

IT-1. Plaintiff _(name)_: JERRY BAKER

alleges that defendant _(name)_: DARREN YOUNG #605

FILED

MAR 1 0 2014

TERESA L DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

☐ Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on _(date)_: 12.22.12

at _(place)_: VAL. CA

_(description of reasons for liability)_: ON 12.22.12 VACAVILLE POLICE OFFICER #605 DARREN YOUNG SEIZED $2401.00 OF MY CASH. ON 2.6.13 THE CASE WAS DISMISSED & I STILL HAVE NOT BEEN GIVEN MY $2401.00 BACK. SEE THE ATTACHED FORFEITURE RECEIPT.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION–Intentional Tort**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001(3)

| SHORT TITLE: JERRY BAKER V. VVPT DARREN YOUNG #605 | CASE NUMBER |

## CAUSE OF ACTION—Intentional Tort    Page 1

_____ (number)

ATTACHMENT TO   ☑ Complaint   ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: JERRY BAKER

alleges that defendant *(name)*: DARREN YOUNG #605

☐ Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on *(date)*: 12.22.12

at *(place)*: VAL. CA

*(description of reasons for liability)*: ON 12.22.12 VACAVILLE POLICE OFFICER #605 DARREN YOUNG SEIZED $2401.00 OF MY CASH. ON 2.6.13 THE CASE WAS DISMISSED & I STILL HAVE NOT BEEN GIVEN MY $2401.00 BACK. SEE THE ATTACHED FORFEITURE RECEIPT.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION–Intentional Tort**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001(3)

| SHORT TITLE: JERRY BAKER V. VVPT DARREN YOUNG #605 | CASE NUMBER |
|---|---|

## CAUSE OF ACTION—Intentional Tort                Page  1

_____
(number)

ATTACHMENT TO  ☒ Complaint    ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: JERRY BAKER

alleges that defendant *(name)*: DARREN YOUNG #605

☐ Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on *(date)*: 12.22.12

at *(place)*: VAL. CA

*(description of reasons for liability)*: ON 12.22.12 VACAVILLE POLICE OFFICER DARREN YOUNG #605 SEIZED $2401.00 OF MY CASH. ON 2.6.13 THE CASE WAS DISMISSED & I STILL HAVE NOT BEEN GIVEN MY $2401.00 BACK. SEE THE ATTACHED FORFEITURE RECEIPT.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION–Intentional Tort**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

...belts which are installed for the use of persons
...eat of the vehicle.
...ler shall sell or offer for sale any used passenger
...factured on or after January 1, 1968, other than .
...unless it is equipped with seatbelts for each
...ion.
...lts required in subdivisions (a) and (b) shall
...regulations established by the department.
...quirements of this section shall not apply to
...ars, automobile dismantlers, or junk dealers.
...h. 723, Stats. 1979. Effective January 1, 1980.

**...ty Belts**

...(a) (1) Subject to paragraph (3), no dealer shall
...for sale any used passenger vehicle of a model
...2 to 1990, inclusive, unless there is affixed to
...the left front door or, if there is no window, to
...itable location so that it may be seen and read by
...standing outside the vehicle at that location, a
...ated in 14-point type, which reads as follows:

...NING: While use of all seat belts reduces the chance
...failure to install and use shoulder harnesses with
...can result in serious or fatal injuries in some
...ap-only belts increase the chance of head and neck
...allowing the upper torso to move unrestrained in a
...d increase the chance of spinal column and
...l injuries by concentrating excessive force on the
...rso. Because children carry a disproportionate
...f body weight above the waist, they are more likely
...an those injuries. Shoulder harnesses may be
...s that can be retrofitted in this vehicle. For more
...ion call the Auto Safety Hotline at 1-800-424-9393."

...he notice shall remain affixed to the vehicle pursuant
...raph (1) at all times that the vehicle is for sale.
...he notice is not required to be affixed to any vehicle
...d with both a lap belt and a shoulder harness for the
...nd one passenger in the front seat of the vehicle and
...ast two passengers in the rear seat of the vehicle.
...) In addition to the requirements of subdivision (a),
...ject to paragraph (3) and subdivision (c), the dealer
...ffix, to one rear seat lap belt buckle of every used
...ger vehicle of a model year of 1972 to 1990, inclusive,
...as a rear seat, a notice, printed in 10-point type, that
...as follows:

...ARNING: While use of all seat belts reduces the chance
...tion, failure to install and use shoulder harnesses with
...elts can result in serious or fatal injuries in some
...s. Shoulder harnesses may be available that can be
...itted in this vehicle. For more information, call the Auto
...y Hotline at 1-800-424-9393."

...The notice shall remain affixed to the vehicle pursuant
...ragraph (1) at all times that the vehicle is for sale.
...The message is not required to be affixed to any vehicle
...r equipped with both a lap belt and a shoulder harness
...least two passengers in the rear seat or having no rear
...lap belts:
...) A dealer is not in violation of subdivision (b) unless a

private nonprofit entity has furnished a supply of the appropriate notices suitable for affixing as required free of charge or, having requested a resupply of notices, has not received the resupply.

(d) The department shall furnish, to a nonprofit private entity for purposes of this section, for a fee not to exceed its costs in so furnishing, at least once every six months, a list of all licensed dealers who sell used passenger vehicles.

Amended Sec. 11, Ch. 619, Stats. 1997. Effective January 1, 1998.

### Mandatory Seat Belt Law

27315. (a) The Legislature finds that a mandatory seatbelt law will contribute to reducing highway deaths and injuries by encouraging greater usage of existing manual seatbelts, that automatic crash protection systems ( )[1] *that* require no action by vehicle occupants offer the best hope of reducing deaths and injuries, and that encouraging the use of manual safety belts is only a partial remedy for addressing this major cause of death and injury. The Legislature declares that the enactment of this section is intended to be compatible with support for federal *motor vehicle* safety standards requiring automatic crash protection systems and should not be used in any manner to rescind federal requirements for installation of automatic restraints in new cars.

(b) This section shall be known and may be cited as the Motor Vehicle Safety Act.

(c) (1) As used in this section, "motor vehicle" means a passenger vehicle, a motortruck, or a truck tractor, but does not include a motorcycle.

(2 ) For purposes of this section, a "motor vehicle" also means a farm labor vehicle, regardless of the date of certification under Section 31401.

(d) (1) A person shall not operate a motor vehicle on a highway unless that person and all passengers 16 years of age or over are properly restrained by a safety belt. This paragraph does not apply to the operator of a taxicab, as defined in Section 27908, when the taxicab is driven on a city street and is engaged in the transportation of a fare-paying passenger. The safety belt requirement established by this paragraph is the minimum safety standard applicable to employees being transported in a motor vehicle. This paragraph does not preempt more stringent or restrictive standards imposed by the Labor Code or another state or federal regulation regarding the transportation of employees in a motor vehicle.

(2) *For purposes of this section the phrase, "properly restrained by a safety belt" means that the lower (lap) portion of the belt crosses the hips or upper thighs of the occupant and the upper (shoulder) portion of the belt, if present, crosses the chest in front of the occupant.*

( )[2](3) The operator of a limousine for hire or the operator of an authorized emergency vehicle, as defined in subdivision (a) of Section 165, shall not operate the limousine for hire or authorized emergency vehicle unless the operator and any passengers ( )[3] *eight* years of age or over ( )[4] in the front seat, are properly restrained by a safety belt.

( )[5](4) The operator of a taxicab shall not operate the taxicab unless any passengers ( )[3] *eight* years of age or over

belts which are installed for the use of persons
...eat of the vehicle.

...ler shall sell or offer for sale any used passenger
...factured on or after January 1, 1968, other than
... unless it is equipped with seatbelts for each
...ion.

...lts required in subdivisions (a) and (b) shall
...regulations established by the department.
...quirements of this section shall not apply to
...rs, automobile dismantlers, or junk dealers.
...723, Stats. 1979. Effective January 1, 1980.

**...ety Belts**

  (a) (1) Subject to paragraph (3), no dealer shall
...for sale any used passenger vehicle of a model
...2 to 1990, inclusive, unless there is affixed to
... the left front door or, if there is no window, to
...itable location so that it may be seen and read by
...tanding outside the vehicle at that location, a
...ited in 14-point type, which reads as follows:

...NING: While use of all seat belts reduces the chance
... failure to install and use shoulder harnesses with
...can result in serious or fatal injuries in some
...ap-only belts increase the chance of head and neck
...allowing the upper torso to move unrestrained in a
...d increase the chance of spinal column and
...l injuries by concentrating excessive force on the
...rso. Because children carry a disproportionate
...f body weight above the waist, they are more likely
...in those injuries. Shoulder harnesses may be
...e that can be retrofitted in this vehicle. For more
...tion call the Auto Safety Hotline at 1-800-424-9393."

...he notice shall remain affixed to the vehicle pursuant
...raph (1) at all times that the vehicle is for sale.
...he notice is not required to be affixed to any vehicle
...d with both a lap belt and a shoulder harness for the
...nd one passenger in the front seat of the vehicle and
...ast two passengers in the rear seat of the vehicle.

...1) In addition to the requirements of subdivision (a),
...ject to paragraph (3) and subdivision (c), the dealer
...ffix, to one rear seat lap belt buckle of every used
...ger vehicle of a model year of 1972 to 1990, inclusive,
...as a rear seat, a notice, printed in 10-point type, that
...as follows:

...RNING: While use of all seat belts reduces the chance
...tion, failure to install and use shoulder harnesses with
...elts can result in serious or fatal injuries in some
...s. Shoulder harnesses may be available that can be
...itted in this vehicle. For more information, call the Auto
...y Hotline at 1-800-424-9393."

...The notice shall remain affixed to the vehicle pursuant
...ragraph (1) at all times that the vehicle is for sale.
...The message is not required to be affixed to any vehicle
...equipped with both a lap belt and a shoulder harness
...least two passengers in the rear seat or having no rear
...lap belts;
...A dealer is not in violation of subdivision (b) unless a

private nonprofit entity has furnished a supply of the
appropriate notices suitable for affixing as required free of
charge or, having requested a resupply of notices, has not
received the resupply.

  (d) The department shall furnish, to a nonprofit private
entity for purposes of this section, for a fee not to exceed its
costs in so furnishing, at least once every six months, a list of
all licensed dealers who sell used passenger vehicles.
   Amended Sec. 11, Ch. 619, Stats. 1997. Effective January 1, 1998.

**Mandatory Seat Belt Law**

   27315.  (a)  The Legislature finds that a mandatory
seatbelt law will contribute to reducing highway deaths and
injuries by encouraging greater usage of existing manual
seatbelts, that automatic crash protection systems ( )[1] *that*
require no action by vehicle occupants offer the best hope of
reducing deaths and injuries, and that encouraging the use of
manual safety belts is only a partial remedy for addressing
this major cause of death and injury. The Legislature
declares that the enactment of this section is intended to be
compatible with support for federal *motor vehicle* safety
standards requiring automatic crash protection systems and
should not be used in any manner to rescind federal
requirements for installation of automatic restraints in new
cars.

  (b) This section shall be known and may be cited as the
Motor Vehicle Safety Act.

  (c) (1) As used in this section, "motor vehicle" means a
passenger vehicle, a motortruck, or a truck tractor, but does
not include a motorcycle.

  (2 ) For purposes of this section, a "motor vehicle" also
means a farm labor vehicle, regardless of the date of
certification under Section 31401.

  (d) (1) A person shall not operate a motor vehicle on a
highway unless that person and all passengers 16 years of
age or over are properly restrained by a safety belt. This
paragraph does not apply to the operator of a taxicab, as
defined in Section 27908, when the taxicab is driven on a city
street and is engaged in the transportation of a fare-paying
passenger. The safety belt requirement established by this
paragraph is the minimum safety standard applicable to
employees being transported in a motor vehicle. This
paragraph does not preempt more stringent or restrictive
standards imposed by the Labor Code or another state or
federal regulation regarding the transportation of employees
in a motor vehicle.

  (2) *For purposes of this section the phrase, "properly
restrained by a safety belt" means that the lower (lap)
portion of the belt crosses the hips or upper thighs of the
occupant and the upper (shoulder) portion of the belt,
if present, crosses the chest in front of the occupant.*

  ( )[2](3) The operator of a limousine for hire or the operator
of an authorized emergency vehicle, as defined in subdivision
(a) of Section 165, shall not operate the limousine for hire or
authorized emergency vehicle unless the operator and any
passengers ( )[3]*eight* years of age or over ( )[4]*in* the front seat,
are properly restrained by a safety belt.

  ( )[5](4) The operator of a taxicab shall not operate the
taxicab unless any passengers ( )[3] *eight* years of age or over

...belts which are installed for the use of persons ...eat of the vehicle.

...er shall sell or offer for sale any used passenger ...factured on or after January 1, 1968, other than ..., unless it is equipped with seatbelts for each ...ion.

...lts required in subdivisions (a) and (b) shall ...regulations established by the department.

...equirements of this section shall not apply to ...rs, automobile dismantlers, or junk dealers.
...723, Stats. 1979. Effective January 1, 1980.

**...ty Belts**

(a) (1) Subject to paragraph (3), no dealer shall ...for sale any used passenger vehicle of a model ...2 to 1990, inclusive, unless there is affixed to the ...the left front door or, if there is no window, to ...itable location so that it may be seen and read by ...standing outside the vehicle at that location, a ...ted in 14-point type, which reads as follows:

...NING: While use of all seat belts reduces the chance ...failure to install and use shoulder harnesses with ...can result in serious or fatal injuries in some ...ap-only belts increase the chance of head and neck ...allowing the upper torso to move unrestrained in a ...d increase the chance of spinal column and ...l injuries by concentrating excessive force on the ...rso. Because children carry a disproportionate ...f body weight above the waist, they are more likely ...in those injuries. Shoulder harnesses may be ...that can be retrofitted in this vehicle. For more ...ion call the Auto Safety Hotline at 1-800-424-9393."

...he notice shall remain affixed to the vehicle pursuant ...raph (1) at all times that the vehicle is for sale.
...he notice is not required to be affixed to any vehicle ...d with both a lap belt and a shoulder harness for the ...nd one passenger in the front seat of the vehicle and ...ast two passengers in the rear seat of the vehicle.
...1) In addition to the requirements of subdivision (a), ...bject to paragraph (3) and subdivision (c), the dealer ...ffix, to one rear seat lap belt buckle of every used ...ger vehicle of a model year of 1972 to 1990, inclusive, ...as a rear seat, a notice, printed in 10-point type, that ...as follows:

...RNING: While use of all seat belts reduces the chance ...ion, failure to install and use shoulder harnesses with ...elts can result in serious or fatal injuries in some ...s. Shoulder harnesses may be available that can be ...itted in this vehicle. For more information, call the Auto ...y Hotline at 1-800-424-9393."

...The notice shall remain affixed to the vehicle pursuant ...ragraph (1) at all times that the vehicle is for sale.
...The message is not required to be affixed to any vehicle ...r equipped with both a lap belt and a shoulder harness ...t least two passengers in the rear seat or having no rear ...lap belts.
...) A dealer is not in violation of subdivision (b) unless a

private nonprofit entity has furnished a supply of the appropriate notices suitable for affixing as required free of charge or, having requested a resupply of notices, has not received the resupply.

(d) The department shall furnish, to a nonprofit private entity for purposes of this section, for a fee not to exceed its costs in so furnishing, at least once every six months, a list of all licensed dealers who sell used passenger vehicles.
Amended Sec. 11, Ch. 619, Stats. 1997. Effective January 1, 1998.

**Mandatory Seat Belt Law**

27315. (a) The Legislature finds that a mandatory seatbelt law will contribute to reducing highway deaths and injuries by encouraging greater usage of existing manual seatbelts, that automatic crash protection systems ( )[1] *that* require no action by vehicle occupants offer the best hope of reducing deaths and injuries, and that encouraging the use of manual safety belts is only a partial remedy for addressing this major cause of death and injury. The Legislature declares that the enactment of this section is intended to be compatible with support for federal *motor vehicle* safety standards requiring automatic crash protection systems and should not be used in any manner to rescind federal requirements for installation of automatic restraints in new cars.

(b) This section shall be known and may be cited as the Motor Vehicle Safety Act.

(c) (1) As used in this section, "motor vehicle" means a passenger vehicle, a motortruck, or a truck tractor, but does not include a motorcycle.

(2 ) For purposes of this section, a "motor vehicle" also means a farm labor vehicle, regardless of the date of certification under Section 31401.

(d) (1) A person shall not operate a motor vehicle on a highway unless that person and all passengers 16 years of age or over are properly restrained by a safety belt. This paragraph does not apply to the operator of a taxicab, as defined in Section 27908, when the taxicab is driven on a city street and is engaged in the transportation of a fare-paying passenger. The safety belt requirement established by this paragraph is the minimum safety standard applicable to employees being transported in a motor vehicle. This paragraph does not preempt more stringent or restrictive standards imposed by the Labor Code or another state or federal regulation regarding the transportation of employees in a motor vehicle.

(2) *For purposes of this section the phrase, "properly restrained by a safety belt" means that the lower (lap) portion of the belt crosses the hips or upper thighs of the occupant and the upper (shoulder) portion of the belt, if present, crosses the chest in front of the occupant.*

( )[2](3) The operator of a limousine for hire or the operator of an authorized emergency vehicle, as defined in subdivision (a) of Section 165, shall not operate the limousine for hire or authorized emergency vehicle unless the operator and any passengers ( )[3]*eight* years of age or over ( )[4]*in* the front seat, are properly restrained by a safety belt.

( )[5](4) The operator of a taxicab shall not operate the taxicab unless any passengers ( )[3] *eight* years of age or over

Cal. Crim. Pr., Mo, Jl, Serv

## § 17.27

An inspection warrant shall be issued upon cause, unless some other provision of state or federal law makes another standard applicable. An inspection warrant shall be supported by an affidavit, particularly describing the place, dwelling, structure, premises, or vehicle to be inspected and the purpose for which the inspection is made. In addition, the affidavit shall contain either a statement that consent to inspect has been sought and refused or facts or circumstances reasonably justifying the failure to seek such consent.

### NOTES TO FORM

**Research References**

*Text References*

C.J.S., Arrest § 65
C.J.S., Internal Revenue § 807
C.J.S., Searches and Seizures §§ 2, 18, 20-110, 189, 217-234

*West's Digest References*

Searches and Seizures ⚖ 11-85

## V.  RETURN OF PROPERTY

### § 17.28  Return of property—Motion

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF _____

PEOPLE OF THE STATE OF CALIFORNIA,

    Plaintiff,

    v.

_____
    Defendant.

Case No.: _____

NOTICE OF MOTION FOR RETURN OF SEIZED PROPERTY (Pen C § 1536)

Date: _____
Time: _____
Place: _____

TO THE DISTRICT ATTORNEY OF _____ COUNTY AND/OR _____ [HIS OR HER] REPRESENTATIVE:

PLEASE TAKE NOTICE that on _____ [date], at the hour of _____ or as soon thereafter as counsel may be heard in the courtroom of the above-entitled court, the defendant will move for an order directing the _____ [name of police department], agents to release to the defendant the following property seized from the office of the District Attorney of _____ County, and their _____ [date] by officers of the _____ [name of police department] under the authority of search warrant no. _____
_____ [specify the property to be returned]

This motion will be made on the ground that _____ [specify]

---

SEARCH AND SEIZURE    § 17.28

the grounds, such as the application lacked probable cause, the property seized was outside the warrant's authorization, or the property was not stolen or embezzled].

This motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or served orally at the conclusion of the hearing on the motion, on all the papers and authorities and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: _____

_____
Attorney for Defendant

### NOTES TO FORM

**Authorities**

Pen C §§ 1536, 1539-1540
Buker v. Superior Court, 25 Cal 3d 1085, 102 Cal. Rptr. 494 (1972)
Eisenig Corp v. Superior Court, 65 Cal. App. 4th 1537, 77, 77 Cal. Rptr. 2d 507 (1998)

**Commentary**

Pen C § 1536 provides for return or delivery of property seized under a search warrant. The trial court is statutorily empowered to entertain a motion for return of seized items, as well as by the court's inherent power to control and prevent the abuse of its process. (People v. Superior Court, 28 Cal. App. 3d 600, 607, 104 Cal. Rptr. 876 (1972).) If no criminal action is pending, an owner's motion for return of seized property is classified as a special proceeding, conducted under the provisions of Pen C §§ 1539-1540. (Aday v. Superior Court, 7 Cal. App. 4th 1270, 1276, 9 Cal. Rptr. 2d 536 (1992), opinion modified, (July 31, 1992).) Property seized without a warrant is still under the jurisdiction of the court, even if no charges have been filed or the property has not been offered or received into evidence. (Gershenhorn v. Superior Court, Los Angeles County, 227 Cal. App. 2d 361, 166, 38 Cal. Rptr. 576 (1964).)

**Illegally seized:** Both criminal defendants and nondefendants may move for return of seized property because the search warrant or seizure was unlawful. A defendant may move for return of property or suppression of evidence pursuant to Pen C §§ 1538.5 and 1540, on grounds that the search or seizure was illegal, or the warrant was insufficient on its face. (Buker v. Superior Court, 25 Cal. App. 3d 1085, 1088, 102 Cal. Rptr. 494 (1972).) Under sections 1539-1540, a nondefendant may move for return of property on grounds that the property taken was not the same as that described in the warrant, or that there was no probable cause to believe the existence of the grounds on which the warrant was issued. (People v. Superior Court (Chico etc. Health Center), 187 Cal. App. 3d 648, 232 Cal. Rptr. 165 (1986).)

**Stolen property:** When property is alleged to have been stolen or embezzled, the officer with custody of the property must hold it subject to the provisions of Pen C §§ 1407-1413. A person who claims to be the owner of the allegedly stolen or embezzled property may apply to the magistrate for an order delivering the property to him, upon satisfactory proof of

Cal. Crim. Pr., Mo., Jt., Sevr

## § 17:27

An inspection warrant shall be issued upon cause, unless some other provision of state or federal law makes another standard applicable. An inspection warrant shall be supported by an affidavit, particularly describing the place, dwelling, structure, premises, or vehicle to be inspected and the purpose for which the inspection is made. In addition, the affidavit shall contain either a statement that consent to inspect has been sought and refused or facts or circumstances reasonably justifying the failure to seek such consent.

### NOTES TO FORM

**Research References**

*Text References*

C.J.S., Arrest § 65

C.J.S., Internal Revenue § 807

C.J.S., Searches and Seizures §§ 2-18, 20-110, 189, 217-234

*West's Digest References*

Searches and Seizures ⟜=11-85

## V. RETURN OF PROPERTY

### § 17:28  Return of property—Motion

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF _____

PEOPLE OF THE STATE OF CALIFORNIA,

         Plaintiff,

   v.

_____ Defendant.

Case No.: _____
NOTICE OF MOTION FOR RETURN OF SEIZED PROPERTY (Pen C § 1536)
Date: _____
Time: _____
Place: _____

TO THE DISTRICT ATTORNEY OF _____ COUNTY AND/OR _____ [HIS OR HER] REPRESENTATIVE:

PLEASE TAKE NOTICE that on _____ [date], at the hour of _____ or as soon thereafter as counsel may be heard in the courtroom of the above-entitled court, the defendant will move for an order directing the _____ [name of police department], the office of the District Attorney of _____ County, and their agents to release to the defendant the following property seized from the defendant's _____ [residence, vehicle or person] on _____ [date] by officers of the _____ [name of police depart-ment] under the authority of search warrant no. _____ _____ [Specify the property to be returned]:

This motion will be made on the ground that _____ [specify

93

---

SEARCH AND SEIZURE

## § 17:28

the grounds, such as the application lacked probable cause, the property seized was outside the warrant's authorization, or the property was not stolen or embezzled].

This motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or points and authorities at the conclusion of the hearing on the motion, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: _____

_____
Attorney for Defendant

### NOTES TO FORM

**Authorities**

Pen C §§ 1536, 1539-1540

Buker v. Superior Court, 25 Cal. App. 3d 1085, 102 Cal. Rptr. 494 (1972)

Ensoing Corp. v. Superior Court, 65 Cal. App. 4th 1537, 77, 77 Cal. Rptr. 2d 507 (1998)

**Commentary**

Pen C § 1536 provides for return or delivery of property seized under a search warrant. The trial court is statutorily empowered to entertain a motion for return of seized items, as well as by the court's inherent power to control and prevent the abuse of its process (People v. Superior Court, 28 Cal. App. 3d 600, 607, 104 Cal. Rptr. 876 (1972)) If no criminal action is pending, an owner's motion for return of seized property is classified as a special proceeding, conducted under the provisions of Pen C §§ 1539-1540. (Avelar v. Superior Court, 7 Cal. App. 4th 1270, 1276, 9 Cal. Rptr. 2d 536 (1992), opinion modified, (July 31, 1992)) Property seized without a warrant is still under the jurisdiction of the court, even if no charges have been filed or the property has not been offered or received into evidence. (Gershenhorn v. Superior Court, Los Angeles County, 227 Cal. App. 2d 361, 166, 38 Cal. Rptr. 576 (1964))

**Illegally seized:** Both criminal defendants and nondefendants may move for return of seized property because the search warrant or seizure was unlawful. A party may move for return of property or suppression of evidence pursuant to Pen C §§ 1538.5 and 1540, on grounds that the search or seizure was illegal, or the warrant was insufficient on its face. (Buker v. Superior Court, 25 Cal. App. 3d 1085, 1088, 102 Cal. Rptr. 494 (1972)) Under sections 1539-1540, a nondefendant may move for return of property on grounds that the property taken was not the same as that described in the warrant, or that there was no probable cause to believe the existence of the grounds on which the warrant was issued. (People v. Superior Court (Chico etc. Health Center), 187 Cal. App. 3d 648, 232 Cal. Rptr. 165 (1986)).

**Stolen property:** When property is alleged to have been stolen or embezzled, the officer with custody of the property must hold it subject to the provisions of Pen C §§ 1407-1413. A person who claims to be the owner of the allegedly stolen or embezzled property may apply to the magistrate for an order delivering the property to him, upon satisfactory proof of

## § 17-27

Cal. Crim. Pr., Mo. Jl., Srvr.

An inspection warrant shall be issued upon cause, unless some other provision of state or federal law makes another standard applicable. An inspection warrant shall be supported by an affidavit, particularly describing the place, dwelling, structure, premises, or vehicle to be inspected and the purpose for which the inspection is made. In addition, the affidavit shall contain either a statement that consent to inspect has been sought and refused or facts or circumstances reasonably justifying the failure to seek such consent.

### Research References

*Text References*

C.J.S., Arrest § 65

C.J.S., Internal Revenue § 807

C.J.S., Searches and Seizures §§ 2-18, 20-110, 189, 217-224

*West's Digest References*

Searches and Seizures ⟨⟩ 11-85

## NOTES TO FORM

### V.   RETURN OF PROPERTY

### § 17-28   Return of property—Motion

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF _____

PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

v.

_____

Defendant.

Case No.: _____

NOTICE OF MOTION FOR RETURN OF SEIZED PROPERTY (Pen C § 1536)

Date: _____

Time: _____

Place: _____

TO THE DISTRICT ATTORNEY OF _____ COUNTY AND/OR _____ [HIS OR HER] REPRESENTATIVE:

PLEASE TAKE NOTICE that on _____ [date], at the hour of _____ or as soon thereafter as counsel may be heard in the courtroom of the above-entitled court, the defendant will move for an order directing the _____ [name of police department], agents for an order directing the _____ [name of police department], from the defendant the following property seized from the defendant the following property seized _____ [residence, vehicle or person] on _____ [date] by officers of the _____ [name of police department] under the authority of search warrant no. _____ [specify the property to be returned].

This motion will be made on the ground that _____ [specify

90

## § 17-28

*the grounds, such as the application lacked probable cause, the property seized was outside the warrant's authorization, or the property was not stolen or embezzled].*

This motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or stated orally at the conclusion of the hearing on the motion, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: _____

_____
Attorney for Defendant

## NOTES TO FORM

### Authorities

Pen C §§ 1536, 1539-1540

Buker v. Superior Court, 25 Cal. App. 3d 1085, 102 Cal. Rptr. 494 (1972)

Ensuing Corp. v. Superior Court, 65 Cal. App. 4th 1637, 77, 77 Cal. Rptr. 2d 507 (1998)

### Commentary

Pen C § 1536 provides for return or delivery of property seized under a search warrant. The trial court is statutorily empowered to entertain a motion for return of seized items, as well as by the court's inherent power to control and prevent the abuse of its process (People v. Superior Court, 28 Cal. App. 3d 600, 607, 104 Cal. Rptr. 876 (1972)). If no criminal action is pending, an owner's motion for return of seized property is classified as a special proceeding, conducted under the provisions of Pen C §§ 1539-1540 (Aylward v. Superior Court, 7 Cal. App. 4th 1270, 1276, 9 Cal. Rptr. 2d 536 (1992), opinion modified, (July 31, 1992)) Property seized without a warrant is still under the jurisdiction of the court, even if no charges have been filed or the property has not been offered or received into evidence. (Gershenborn v. Superior Court, Los Angeles County, 227 Cal. App. 2d 361, 366, 38 Cal. Rptr. 576 (1964)).

**Illegally seized:** Both criminal defendants and nondefendants may move for return of seized property because the search warrant or seizure was unlawful. A defendant may move on grounds of property or suppression of evidence pursuant to Pen C §§ 1538.5 and 1540, or on grounds that the search or seizure was illegal, or the warrant was insufficient on its face (Buker v. Superior Court, 25 Cal. App. 3d 1085, 1088, 102 Cal. Rptr. 494 (1972)). Under sections 1539-1540, a nondefendant may move for return of property on grounds that the property taken was not the same as that described in the warrant, or that there was no probable cause to believe the existence of the grounds on which the warrant was issued. (People v. Superior Court (Chico etc. Health Center), 187 Cal. App. 3d 648, 232 Cal. Rptr. 165 (1986)).

**Stolen property:** When property is alleged to have been stolen or embezzled, the officer with custody of the property must hold it subject to the provisions of Pen C §§ 1407-1413. A person who claims to be the owner of the allegedly stolen or embezzled property may apply to the magistrate for an order delivering the property to him, upon satisfactory proof of

93

## § 17.27

Cal. Crim Pr, Mo, Jl, Sent

An inspection warrant shall be issued upon such cause, unless some other provision of state or federal law makes another standard applicable. An inspection warrant shall be supported by an affidavit, particularly describing the place, dwelling, structure, premises, or vehicle to be inspected and the purpose for which the inspection is made. In addition, the affidavit shall contain either a statement that consent to inspect has been sought and refused or facts or circumstances reasonably justifying the failure to seek such consent.

### NOTES TO FORM

**Research References**

*Text References*
C.J.S., Arrest § 65
C.J.S., Internal Revenue § 807
C.J.S., Searches and Seizures §§ 2-18, 20-110, 189, 217-234

*West's Digest References*
Searches and Seizures ⇐11-85

## V.  RETURN OF PROPERTY

## § 17.28  Return of property—Motion

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF _____

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | Case No.: _____ |
| Plaintiff, | NOTICE OF MOTION FOR RETURN OF SEIZED |
| v. | PROPERTY (Pen C § 1536) |
| _____ Defendant. | Date: _____ |
| | Time: _____ |
| | Place: _____ |

TO THE DISTRICT ATTORNEY OF _____ COUNTY AND/OR _____ *[HIS OR HER] REPRESENTATIVE:*

PLEASE TAKE NOTICE that on _____ *[date]*, at the hour of _____ or as soon thereafter as counsel may be heard in the courtroom of the above-entitled court, the defendant will move for an order directing the _____ *[name of police department]*, the office of the District Attorney of _____ County, and their agents to release to the defendant the following property seized from the defendant's _____ *[residence, vehicle or person]* on _____ *[date]* by officers of the _____ *[name of police department]* under the authority of search warrant no. _____ : *[specify the property to be returned]*.

This motion will be made on the ground that _____ *[specify*

## § 17.28

Search and Seizure

the grounds, such as the application lacked probable cause, the property seized was outside the warrant's authorization, or the property was not stolen or embezzled].

This motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or stated orally at the conclusion of the hearing on the motion, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: _____

_____
Attorney for Defendant

### NOTES TO FORM

**Authorities**

Pen C §§ 1536, 1539-1540
Buker v. Superior Court, 25 Cal. App. 3d 1085, 102 Cal. Rptr. 494 (1972)
Ensoniq Corp. v. Superior Court, 65 Cal. App. 4th 1537, 77, 77 Cal. Rptr. 2d 507 (1998)

**Commentary**

Pen C § 1536 provides for return or delivery of property seized under a search warrant. The trial court is statutorily empowered to entertain a motion for return of seized items, as well as by the court's inherent power to control and prevent the abuse of its process. (People v. Superior Court, 28 Cal. App. 3d 600, 607, 104 Cal. Rptr. 876 (1972)) If no criminal action is pending, an owner of seized property is classified as a "person aggrieved" in a special proceeding, conducted under the same statutory procedures. (Buker v. Superior Court, 25 Cal. App. 3d 1085, 1088, 102 Cal. Rptr. 494 (1972)) Under sections 1539-1540, a nondefendant may move for return of property on grounds that the property taken was not the same as that described in the warrant, or that there was no probable cause to believe the existence of the grounds on which the warrant was issued. (People v. Superior Court (Chico etc. Health Center), 187 Cal. App. 3d 648, 232 Cal. Rptr. 165 (1986))

**Illegally seized:** Both criminal defendants and nondefendants may move for return of seized property because the search warrant or seizure was unlawful. A defendant may move for return of property or suppression of evidence pursuant to Pen C §§ 1538.5 and 1540, on grounds that the search or seizure was illegal, or the warrant was insufficient on its face. (Buker v. Superior Court, 25 Cal. App. 3d 1085, 1088, 102 Cal. Rptr. 494 (1972)) Under sections 1539-1540, a nondefendant may move for return of property on grounds that the property taken was not the same as that described in the warrant, or that there was no probable cause to believe the existence of the grounds on which the warrant was issued. A nondefendant may move for return of seized property either in the court that issued the warrant, even if no charges have been filed or the property has not been offered or received into evidence. (Gershenhorn v. Superior Court, Los Angeles County, 227 Cal. App. 2d 361, 366, 38 Cal. Rptr. 576 (1964))

**Stolen property:** When property is alleged to have been stolen or embezzled, the other with custody of the property must hold it subject to the provisions of Pen C §§ 1407-1413. A person who claims to be the owner of the allegedly stolen or embezzled property may apply to the magistrate for an order delivering the property to him, upon satisfactory proof of

## § 17:27

Cal. Crim. Pr., Mo., Jt., Serv.

An inspection warrant shall be issued upon cause, unless some other provision of state or federal law makes another standard applicable. An inspection warrant shall be supported by an affidavit, particularly describing the place, dwelling, structure, premises, or vehicle to be inspected and the purpose for which the inspection is made. In addition, the affidavit shall contain either a statement that consent to inspect has been sought and refused or facts or circumstances reasonably justifying the failure to seek such consent.

### NOTES TO FORM

**Research References**

Text References

C.J.S., Arrest § 65

C.J.S., Internal Revenue § 807

C.J.S., Searches and Seizures §§ 2-18, 20-110, 189, 217-234

West's Digest References

Searches and Seizures ⊙=11-85

## V. RETURN OF PROPERTY

### § 17:28 Return of property—Motion

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF _____

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                    Plaintiff,<br><br>        v.<br><br>_____ Defendant. | Case No.: _____<br>NOTICE OF MOTION FOR RETURN OF SEIZED PROPERTY (Pen C § 1536)<br>Date:<br>Time:<br>Place: |

TO THE DISTRICT ATTORNEY OF _____ COUNTY AND/OR _____:

PLEASE TAKE NOTICE that on _____ _[date]_, at the hour of _____ or as soon thereafter as counsel may be heard in the courtroom of the above-entitled court, the defendant will move for an order directing the _____ _[name of police department]_, the office of the District Attorney of _____ County, and their agents to release to the defendant the following property seized from the defendant's _____ _(residence, vehicle or person)_ on _____ _[date]_ by officers of the _____ _[name of police department]_ under the authority of search warrant no. _____ _[specify the property to be returned]_.

This motion will be made on the ground that _____ _[specify_

---

## § 17:28

SEARCH AND SEIZURE

_the grounds, such as the application lacked probable cause, the property seized was outside the warrant's authorization, or the property was not stolen or embezzled)._

This motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or served orally at the conclusion of the hearing on the motion, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: _____

                            _____

                            Attorney for Defendant

### NOTES TO FORM

**Authorities**

Pen C §§ 1536, 1539-1540

Buker v. Superior Court, 25 Cal. App. 3d 1085, 102 Cal. Rptr. 494 (1972)

Ensong Corp. v. Superior Court, 66 Cal. App. 4th 1837, 77, 77 Cal. Rptr. 2d 507 (1998)

**Commentary**

Pen C § 1536 provides for return or delivery of property seized under a search warrant. The trial court is statutorily empowered to entertain a motion for return of seized items, as well as by the court's inherent power to control and prevent the abuse of its process. (People v. Superior Court, 28 Cal. App. 3d 600, 607, 104 Cal. Rptr. 876 (1972)) If no criminal action is pending, an owner's motion for return of property is classified as a special proceeding. (Avelar v. Superior Court, 7 Cal. App. 4th 1270, 1276, 9 Cal. Rptr. 2d 536 (1992), opinion modified, (July 31, 1992)) Property seized without a warrant is still under the jurisdiction of the court, even if no charges have been filed or the property has not been offered or received into evidence. (Gershenhorn v. Superior Court, Los Angeles County, 227 Cal. App. 2d 361, 366, 38 Cal. Rptr. 576 (1964))

**Illegally seized:** Both criminal defendants and nondefendants may move for return of seized property because the search warrant or seizure was unlawful. A defendant may move for return of property or suppression of evidence pursuant to Pen C §§ 1538.5 and 1540, on grounds that the search or seizure was illegal, or the warrant was insufficient on its face. (Buker v. Superior Court, 25 Cal. App. 3d 1085, 1088, 102 Cal. Rptr. 494 (1972)) Under sections 1539-1540, a nondefendant may move for return of property on grounds that the property taken was not the same as that described in the warrant, or that there was no probable cause to believe the existence of the grounds on which the warrant was issued (People v. Superior Court (Chico) etc. Health Center), 187 Cal. App. 3d 648, 232 Cal. Rptr. 165 (1986)).

**Stolen property:** When property is alleged to have been stolen or embezzled, the officer with custody of the property must hold it subject to the provisions of Pen C §§ 4607-1413. A person who claims to be the owner of the allegedly stolen or embezzled property may apply to the magistrate for an order delivering the property to him, upon satisfactory proof of

An inspection warrant shall be issued upon cause, unless some other provision of state or federal law makes another standard applicable. An inspection warrant shall be supported by an affidavit, particularly describing the place, dwelling, structure, premises, or vehicle to be inspected and the purpose for which the inspection is made. In addition, the affidavit shall contain either a statement that consent to inspect has been sought and refused or facts or circumstances reasonably justifying the failure to seek such consent.

## NOTES TO FORM

### Research References

*Text References*

C.J.S., Arrest § 65

C.J.S., Internal Revenue § 807

C.J.S., Searches and Seizures §§ 2-18, 20-110, 189, 217-234

*West's Digest References*

Searches and Seizures ⚖11-85

## V.   RETURN OF PROPERTY

### § 17.28   Return of property—Motion

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF _____

PEOPLE OF THE STATE OF CALIFORNIA,

        Plaintiff,

    v

_____

    Defendant.

Case No.: _____

NOTICE OF MOTION FOR RETURN OF SEIZED PROPERTY (Pen C § 1536)

Date: _____

Time: _____

Place: _____

TO THE DISTRICT ATTORNEY OF _____ COUNTY AND/OR _____:

PLEASE TAKE NOTICE that on _____ *[date]*, at the hour of _____ or as soon thereafter as counsel may be heard in the courtroom of the above-entitled court, the defendant will move for an order directing the _____ *[name of police department]*, agents to release to the defendant the following property seized from the defendant's _____ *[residence, vehicle or person]* on _____ *[date]* by officers of the _____ *[name of police depart-ment]* under the authority of search warrant no. _____ *[specify the property to be returned]*:

This motion will be made on the ground that _____ *[specify

the grounds, such as the application lacked probable cause, the property seized was outside the warrant's authorization, or the property was not stolen or embezzled]*.

This motion will be based on this notice of motion, on the at-tached declaration and memorandum of points and authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or stated orally at the conclusion of the hearing on the motion, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: _____

                        _____

                        Attorney for Defendant

## NOTES TO FORM

### Authorities

Pen C §§ 1536, 1539-1540

Baker v. Superior Court, 25 Cal. App. 3d 1085, 102 Cal. Rptr. 494 (1972)

Ensoung Corp. v. Superior Court, 65 Cal. App. 4th 1537, 77, 77 Cal. Rptr. 2d 507 (1998)

### Commentary

Pen C § 1536 provides for return or delivery of property seized under a search warrant. The trial court is statutorily empowered to entertain a mo-tion for return of seized items, as well as by the court's inherent power to control and prevent the abuse of its process. (People v. Superior Court, 28 Cal. App. 3d 600, 607, 104 Cal. Rptr. 876 (1972)) If no criminal action is pending, an owner's motion for return of seized property is classified as a special proceeding, conducted under the provisions of Pen C §§ 1539-1540. (Oziel v. Superior Court, 7 Cal. App. 4th 1270, 1276, 9 Cal. Rptr. 2d 536 (1992), opinion modified (July 31, 1992)) Property seized without a warrant is still under the jurisdiction of the court, even if no charges have been filed or the property has not been offered or received into evidence. (Gershen-horn v. Superior Court, Los Angeles County, 227 Cal. 2d 361, 166, 38 Cal. Rptr. 576 (1964))

**Illegally seized:** Both criminal defendants and nondefendants may move for return of seized property because the search, warrant or seizure was unlawful. A defendant may move for return of property or suppression of evidence pursuant to Pen C §§ 1538.5 and 1540, on grounds that the search or seizure was illegal, or the warrant was insufficient on its face. (Baker v. Superior Court, 25 Cal. App. 3d 1085, 1088, 102 Cal. Rptr. 494 (1972)) Under sections 1539-1540, a nondefendant may move for return of property on grounds that the property taken was not the same as that described in the warrant, or that there was no probable cause to believe the existence of the grounds on which the warrant was issued. (People v. Superior Court (Chico etc. Health Center), 187 Cal. App. 3d 648, 232 Cal. Rptr. 166 (1986))

**Stolen property:** When property is alleged to have been stolen or embezzled, the officer with custody of the property must hold it subject to the provisions of Pen C §§ 1407-1413. A person who claims to be the owner of the allegedly stolen or embezzled property may apply to the magistrate for an order delivering the property to him, upon satisfactory proof of

§ 17.27                                                         CAL. CRIM. PR., MO., JI, SENT

An inspection warrant shall be issued upon cause, unless some other provision of state or federal law makes another standard applicable. An inspection warrant shall be supported by an affidavit, particularly describing the place, dwelling, structure, premises, or vehicle to be inspected and the purpose for which the inspection is made. In addition, the affidavit shall contain either a statement that consent to inspect has been sought and refused or facts or circumstances reasonably justifying the failure to seek such consent.

## NOTES TO FORM

### Research References

*Text References*

C.J.S., Arrest § 65

C.J.S., Internal Revenue § 807

C.J.S., Searches and Seizures §§ 2-18, 20-110, 189, 217-234

*West's Digest References*

Searches and Seizures ⬚ 11-85

## V. RETURN OF PROPERTY

### § 17.28  Return of property—Motion

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ____

PEOPLE OF THE STATE OF CALIFORNIA,

          Plaintiff,

          v.

          Defendant.

Case No.: ____

NOTICE OF MOTION FOR RETURN OF SEIZED PROPERTY (Pen C § 1536)

Date: ____

Time: ____

Place: ____

TO THE DISTRICT ATTORNEY OF ____ COUNTY AND/OR ____ [HIS OR HER] REPRESENTATIVE:

PLEASE TAKE NOTICE that on ____ [date], at the hour of ____, or as soon thereafter as counsel may be heard in the courtroom of the above-entitled court, the defendant will move for an order directing the ____ [name of police department], the office of the District Attorney of ____ County, and their agents to release to the defendant the following property seized from the defendant's ____ (residence, vehicle or person) on ____ [date] by officers of the ____ [name of police department] under the authority of search warrant no. ____ [specify the property to be returned].

This motion will be made on the ground that ____ [specify

---

SEARCH AND SEIZURE                                                    § 17.28

the grounds, such as the application lacked probable cause, the property seized was outside the warrant's authorization, or the property was not stolen or embezzled].

This motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or served orally at the conclusion of the hearing on the motion, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: ____

_____
Attorney for Defendant

## NOTES TO FORM

### Authorities

Pen C §§ 1536, 1539-1540

Baker v. Superior Court, 25 Cal. App. 3d 1085, 102 Cal. Rptr. 494 (1972)

Ensoniq Corp. v. Superior Court, 65 Cal. App. 4th 1537, 77, 77 Cal. Rptr. 2d 507 (1998)

### Commentary

Pen C § 1536 provides for return or delivery of property seized under a search warrant. The trial court is statutorily empowered to entertain a motion for return of seized items, as well as by the court's inherent power to control and prevent the abuse of its process (People v. Superior Court, 28 Cal. App. 3d 600, 607, 104 Cal. Rptr. 876 (1972)) If no criminal action is pending, an owner's motion for return of seized property is classified as a special proceeding, conducted under the provisions of Pen C §§ 1539-1540. (Avelar v. Superior Court, 7 Cal. App. 4th 1270, 1276, 9 Cal. Rptr. 2d 536 (1992), opinion modified, (July 31, 1992)) Property seized without a warrant is still under the jurisdiction of the court, even if no charges have been filed or the property has not been offered or received into evidence. (Gershenhorn v. Superior Court, Los Angeles County, 227 Cal. App. 2d 361, 166, 38 Cal. Rptr. 576 (1964)).

**Illegally seized:** Both criminal defendants and nondefendants may move for return of seized property because the search warrant or seizure was unlawful. A defendant may move for return of property or suppression of evidence pursuant to Pen C §§ 1538.5 and 1540 on grounds that the search or seizure was illegal, or the warrant was insufficient on its face (Baker v. Superior Court, 25 Cal. App. 3d 1085, 1088, 102 Cal. Rptr. 494 (1972)). Under sections 1539-1540, a nondefendant may move for return of property on grounds that the property taken was not the same as that described in the warrant, or that there was no probable cause to believe the existence of the grounds on which the warrant was issued. (People v. Superior Court (Chico etc. Health Center), 187 Cal. App. 3d 648, 232 Cal. Rptr. 165 (1986)).

**Stolen property:** When property is alleged to have been stolen or embezzled, the officer with custody of the property must hold it subject to the provisions of Pen C §§ 1407-1413. A person who claims to be the owner of the allegedly stolen or embezzled property may apply to the magistrate for an order delivering the property to him, upon satisfactory proof of

§ 17:27

CAL. CRIM. PR., MO., JI., SENT

An inspection warrant shall be issued upon cause, unless some other provision of state or federal law makes another standard applicable. An inspection warrant shall be supported by an affidavit, particularly describing the place, dwelling, structure, premises, or vehicle to be inspected and the purpose for which the inspection is made. In addition, the affidavit shall contain either a statement that consent to inspect has been sought and refused or facts or circumstances reasonably justifying the failure to seek such consent.

NOTES TO FORM

Research References

*Text References*
C.J.S., Arrest § 65
C.J.S., Internal Revenue § 807
C.J.S., Searches and Seizures §§ 2-18, 20-110, 189, 217-234

*West's Digest References*
Searches and Seizures ⊂=11-85

## V.   RETURN OF PROPERTY

### § 17:28   Return of property—Motion

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ____

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | Case No.: ____ |
| Plaintiff, | NOTICE OF MOTION FOR RETURN OF SEIZED PROPERTY (Pen C § 1536) |
| v. | Date: ____ |
| Defendant. | Time: ____ |
| | Place: ____ |

TO THE DISTRICT ATTORNEY OF ____ COUNTY AND/OR ____ [HIS OR HER] REPRESENTATIVE:

PLEASE TAKE NOTICE that on ____ (date), at the hour of ____ or as soon thereafter as counsel may be heard in the courtroom of the above-entitled court, the defendant will move for an order directing the ____ [name of police department], the office of the District Attorney of ____ County, and their agents to release to the defendant the following property seized from the defendant's ____ (residence, vehicle or person) on ____ (date) by officers of the ____ [name of police department] under the authority of search warrant no. ____ —(specify the property to be returned).

This motion will be made on the ground that ____ (specify

---

§ 17:28

SEARCH AND SEIZURE

the grounds, such as the application lacked probable cause, the property seized was outside the warrant's authorization, or the property was not stolen or embezzled).

This motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or stated orally at the conclusion of the hearing on the motion, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: ____

Attorney for Defendant

NOTES TO FORM

Authorities

Pen C §§ 1526, 1539-1540
Buker v. Superior Court, 25 Cal. App. 3d 1085, 102 Cal. Rptr. 494 (1972)
Eusoniq Corp. v. Superior Court, 65 Cal. App. 4th 1537, 77, 77 Cal. Rptr. 2d 507 (1998)

Commentary

Pen C § 1536 provides for return or delivery of property seized under a search warrant. The trial court is statutorily empowered to entertain a motion for return of seized items, as well as by the court's inherent power to control and prevent the abuse of its process (People v. Superior Court, 28 Cal. App. 3d 600, 607, 104 Cal. Rptr. 876 (1972)) If no criminal action is pending, an owner's motion for return of seized property is classified as a special proceeding, conducted under the provisions of Pen C §§ 1539-1540. (Aydar v. Superior Court, 7 Cal. App. 4th 1270, 1276, 9 Cal. Rptr. 2d 536 (1992), opinion modified, (July 31, 1992)) Property seized without a warrant is still under the jurisdiction of the court, even if no charges have been filed or the property has not been offered or received into evidence (Gershnowborn v. Superior Court, Los Angeles County, 227 Cal. App. 2d 361, 166, 38 Cal. Rptr. 576 (1964)).

Illegally seized: Both criminal defendants and nondefendants may move for return of seized property because the search warrant or seizure was unlawful. A defendant may move for return of property or suppression of evidence pursuant to Pen C §§ 1538.5 and 1540, on grounds that the warrant or seizure was illegal, or the warrant was insufficient on its face. (Buker v. Superior Court, 25 Cal. App. 3d 1085, 1088, 102 Cal. Rptr. 494 (1972)) Under sections 1539-1540, a nondefendant may move for return of property on grounds that the property taken was not the same as that described in the warrant, or that there was no probable cause to believe the existence of the grounds on which the warrant was issued. (People v. Superior Court (Chico etc. Health Center), 187 Cal. App. 3d 648, 232 Cal. Rptr. 165 (1986)).

Stolen property: When property is alleged to have been stolen or embezzled, the officer with custody of the property must hold it subject to the provisions of Pen C §§ 1407-1413. A person who claims to be the owner of the allegedly stolen or embezzled property may apply to the magistrate for an order delivering the property to him, upon satisfactory proof of

## § 17:27

An inspection warrant shall be issued upon cause, unless some other provision of state or federal law makes another standard applicable. An inspection warrant shall be supported by an affidavit, particularly describing the place, dwelling, structure, premises, or vehicle to be inspected and the purpose for which the inspection is made. In addition, the affidavit shall contain either a statement that consent to inspect has been sought and refused or facts or circumstances reasonably justifying the failure to seek such consent.

### Research References

*Text References*

C.J.S., Arrest § 65

C.J.S., Internal Revenue § 807

C.J.S., Searches and Seizures §§ 2-18, 20-110, 189, 217-234

*West's Digest References*

Searches and Seizures ⟐⟐11-85

## V. RETURN OF PROPERTY

## § 17:28 Return of property—Motion

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ———

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | Case No.: ——— |
| Plaintiff, | NOTICE OF MOTION FOR RETURN OF SEIZED PROPERTY (Pen C § 1536) |
| v. | Date: ——— |
| ——— Defendant. | Time: ——— |
| | Place: ——— |

TO THE DISTRICT ATTORNEY OF ——— COUNTY AND/OR ——— [HIS OR HER] REPRESENTATIVE:

PLEASE TAKE NOTICE that on ——— (date), at the hour of ——— or as soon thereafter as counsel may be heard in the courtroom of the above-entitled court, the defendant will move for an order directing the ——— (name of police department), the office of the District Attorney of ——— County, and their agents to release to the defendant the following property seized from the defendant's ——— (residence, vehicle or person) on ——— (date) by officers of the ——— (name of police department) under the authority of search warrant no. ——— (specify the property to be returned):

This motion will be made on the ground that ——— (specify

### NOTES TO FORM

the grounds, such as the application lacked probable cause, the property seized was outside the warrant's authorization, or the property was not stolen or embezzled].

This motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities, served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or points and authorities as may hereafter be filed with the court or points and authorities at the conclusion of the hearing on the motion, stated orally at the conclusion of the hearing on the motion, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: ———

———
Attorney for Defendant

### NOTES TO FORM

**Authorities**

Pen C §§ 1536, 1539-1540

Buker v. Superior Court, 25 Cal. App. 3d 1085, 102 Cal. Rptr. 494 (1972)

Ensoniq Corp. v. Superior Court, 65 Cal. App. 4th 1537, 77, 77 Cal. Rptr. 2d 507 (1998)

**Commentary**

Pen C § 1536 provides for return or delivery of property seized under a search warrant. The trial court is statutorily empowered to entertain a motion for return of seized items, as well as by the court's inherent power to control and prevent the abuse of its process. (People v. Superior Court, 28 Cal. App. 3d 600, 607, 104 Cal. Rptr. 876 (1972)) If no criminal action is pending, an owner's motion for return of seized property is classified as a special proceeding, conducted under the provisions of Pen C §§ 1539-1540. (Avelar v. Superior Court, 7 Cal. App. 4th 1270, 1276, 9 Cal. Rptr. 2d 836 (1992), opinion modified, (July 31, 1992)) Property seized without a warrant is still under the jurisdiction of the court, even if no charges have been filed or the property has not been offered or received into evidence. (Gershenhorn v. Superior Court, Los Angeles County, 227 Cal. App. 2d 361, 366, 38 Cal. Rptr. 576 (1964).)

**Illegally seized:** Both criminal defendants and nondefendants may move for return of seized property because the search warrant or seizure was unlawful. A defendant may move for return of property or suppression of evidence pursuant to Pen C §§ 1538.5 and 1540, on grounds that the search or seizure was illegal, or the warrant was insufficient on its face. (Buker v. Superior Court, 25 Cal. App. 3d 1085, 1088, 102 Cal. Rptr. 494 (1972)) Under sections 1539-1540, a nondefendant may move for return of property on grounds that the property taken was not the same as that described in the warrant, or that there was no probable cause to believe the existence of the grounds on which the warrant was issued. (People v. Superior Court (Chico etc. Health Center), 187 Cal. App. 3d 648, 232 Cal. Rptr. 165 (1986)).

**Stolen property:** When property is alleged to have been stolen or embezzled, the officer with custody of the property must hold it subject to the provisions of Pen C §§ 1407-1413. A person who claims to be the owner of the allegedly stolen or embezzled property may apply to the magistrate for an order delivering the property to him, upon satisfactory proof of

§ 17:29

charged with or convicted of any crime and even if a third party owner is not found. (Pen C § 1411; People v. Superior Court (McGraw), 100 Cal. App. 3d 154, 158, 160 Cal. Rptr. 663 (1979)) However, due process requires the People to prove by a preponderance of the evidence that the seized property was in fact stolen or embezzled, if no charges are pending and no conviction has been obtained. Although it may be suspected that the seized property was stolen, that fact must be proven by due process of law. (People v. Lawrence, 140 Cal. App. 2d 133, 138, 295 P.2d 4 (1956)) Evidence Code § 637 provides that the "things which a person possesses are presumed to be owned by him."

### Research References

*Text References*

C.J.S., Searches and Seizures §§ 217-226

*West's Digest References*

Searches and Seizures ⬷84

### NOTES TO FORM

## § 17:30  Arrest Warrant—Motion

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF _____

PEOPLE OF THE STATE OF CALIFORNIA,

    Plaintiff,

    v.

    Defendant.

Case No. _____

NOTICE OF MOTION TO SUPPRESS EVIDENCE

(Pen C § 1538.5)

Date: _____

Time: _____

Place: _____

TO THE DISTRICT ATTORNEY OF _____ COUNTY AND/OR _____ [HIS OR HER] REPRESENTATIVE:

PLEASE TAKE NOTICE that on _____ (date), at the hour of _____, or as soon thereafter as counsel may be heard in the courtroom of the above-entitled court, the defendant will move that the Court suppress as evidence and restore to the defendant all property seized and observations made under authority of and during the execution of the arrest warrant in the above-case.

This motion will be made on the ground that the search and seizure pursuant to the arrest warrant was unreasonable in violation of the Fourth and Fourteenth Amendments to the United

---

§ 17:30

States Constitution, and violated the defendant's reasonable expectation of privacy. This motion will be made on the following grounds: _____ [specify the legal basis for the warrant's inadequacies. For example: There was no probable cause for the issuance of the arrest warrant].

This motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or stated orally at the conclusion of the hearing on the motion, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: _____

_____

Attorney for Defendant

### NOTES TO FORM

### Authorities

Pen C §§ 813-814, 816, 1427

People v. Aloorn (1993) 15 Cal 4th 652, 19 Cal Rptr 2d 47

### Commentary

A warrant of arrest is a written order, issued by a judge, directing any peace officer to arrest a designated person. The request for an arrest warrant must be supported by a sworn affidavit setting forth the essential facts constituting the offense and sufficient facts to establish that the defendant committed it. (Giordenello v. U.S., 357 U.S. 480, 485, 78 S. Ct. 1245, 2 L. Ed. 2d 1503 (1958)) The magistrate must "allege underlying facts upon which the magistrate can independently find probable cause to arrest the accused." (Pen C §§ 813, 1427; People v. Sesslin, 68 Cal 2d 418, 421, 67 Cal. Rptr. 409, 439 P.2d 321 (1968))

**Grounds to challenge:** A judge may issue an arrest warrant only if evidence is presented that the offense complained of has been committed and there is "reasonable cause" to believe the defendant has committed it. (Pen C §§ 813, 1427) "Reasonable cause" and "probable cause" and "sufficient cause" are synonymous terms. (Ortega v. Superior Court, 135 Cal. App. 3d 244, 256, 185 Cal. Rptr. 297 (1982)) Any tangible evidence seized or observations made based upon an arrest warrant lacking a probable cause basis for its issuance may be suppressed.

**Arrest warrant's existence must be proved:** Police officers do not have to have a copy of an arrest warrant in their possession in order to make a valid arrest, when they are informed through official channels of the warrant's existence. (Pen C § 842; People v. Sanford, 265 Cal. App. 2d 960, 71 Cal. Rptr. 790 (1968)) However, upon demand the warrant must be produced in court. The production of a warrant abstract showing the existence of a facially valid warrant is sufficient. (People v. Aloorn (1993) 16 Cal 4th 652, 19 Cal Rptr 2d 47) If challenged, the prosecution must prove that the arresting officer actually received the transmitted arrest warrant information and, to protect against manufactured probable cause, the prosecution retains the burden of proving the source of information was something other than the imagination of another law enforcement officer. (People v.

## § 17:29

charged with or convicted of any crime and even if a third party owner is not [Pen C § 1411; People v. Superior Court (McGraw), 100 Cal. App. 3d 154, 158, 160 Cal. Rptr. 663 (1979)] However, due process requires the People to prove by a preponderance of the evidence that the seized property was in fact stolen or embezzled, if no charges are pending and no conviction has been obtained. Although it may be suspected that the seized property was stolen, that fact must be proven by due process of law. [People v. Lawrence, 140 Cal. App. 2d 133, 138, 295 P.2d 4 (1956)] Evidence Code § 637 provides that the "things which a person possesses are presumed to be owned by him."

### NOTES TO FORM

### Research References

*Text References*
C.J.S., Searches and Seizures §§ 217–226

*West's Digest References*
Searches and Seizures ⟪84

## VI. ARREST WARRANT

## § 17:30   Arrest Warrant—Motion

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF _____

PEOPLE OF THE STATE OF
CALIFORNIA,
                        Plaintiff,
        v.
_____
                        Defendant.

Case No. _____
NOTICE OF MOTION TO
SUPPRESS EVIDENCE
(Pen C § 1538.5)
Date: _____
Time: _____
Place: _____

NOTICE OF MOTION TO
SUPPRESS EVIDENCE
(Pen C § 1538.5)

TO THE DISTRICT ATTORNEY OF _____
COUNTY AND/OR _____ [HIS OR HER] REPRESENTATIVE:
    PLEASE TAKE NOTICE that on _____ [date], at the hour
of _____ or as soon thereafter as counsel may be heard in the
courtroom of the above-entitled court, the defendant will move
that the Court suppress as evidence and restore to the defendant
all property seized and observations made under authority of and
during the execution of the arrest warrant in the above-case.
    This motion will be made on the ground that the search and
seizure pursuant to the arrest warrant was unreasonable in viola-
tion of the Fourth and Fourteenth Amendments to the United

States Constitution and violated the defendant's reasonable expectation of privacy. This motion will be made on the following grounds: _____ [Specify the legal basis for the warrant's inadequacies. For example: There was no probable cause for the issuance of the arrest warrant].

This motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or presented orally at the conclusion of the hearing on the motion, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: _____

_____
Attorney for Defendant

### NOTES TO FORM

### Authorities

Pen C §§ 813–814, 816, 1427
People v. Alorn (1993) 15 Cal 4th 652, 19 Cal Rptr 2d 47

### Commentary

**Arrest warrant's existence must be proved:** Police officers do not have to have a copy of an arrest warrant in their possession in order to make a valid arrest, when they are informed through official channels of the warrant's existence. [Pen C § 842; People v. Sanford, 265 Cal. App. 2d 960, 71 Cal. Rptr. 790 (1968)] However, upon demand the warrant must be produced in court. The production of a warrant abstract showing the existence of a facially valid warrant is sufficient. [People v. Alorn (1993) 15 Cal 4th 652, 19 Cal Rptr 2d 47] If challenged, the prosecution must prove that the arresting officer actually received the transmitted arrest warrant information and to protect against manufactured probable cause, the prosecution retains the burden of proving the source of information was something other than the imagination of another law enforcement officer. [People v.

**Grounds to challenge:** A judge may issue an arrest warrant only if evidence is presented that the offense complained of has been committed and there is "reasonable cause" to believe the defendant has committed it. [Pen C §§ 813, 1427] "Reasonable cause" and "probable cause" and "sufficient cause" are synonymous terms. [Ortega v. Superior Court, 135 Cal. App. 3d 244, 256, 185 Cal. Rptr. 297 (1982)] Any tangible evidence seized or observations made based upon an arrest warrant lacking a probable cause basis for its issuance may be suppressed.

A warrant of arrest is a written order, issued by a judge, directing any peace officer to arrest a designated person. The request for an arrest warrant must be supported by a sworn affidavit setting forth the essential facts constituting the offense and sufficient facts to establish that the defendant committed it. [Giordenello v. U.S., 357 U.S. 480, 485, 78 S. Ct. 1245, 2 L. Ed. 2d 1503 (1958)] The supporting affidavit must "allege underlying facts upon which the magistrate can independently find probable cause to arrest the accused." [Pen C §§ 813, 1427; People v. Sesslin, 68 Cal 2d 418, 421, 67 Cal. Rptr. 409, 439 P.2d 321 (1968)]

§ 17:29

charged with or convicted of any crime and even if a third party owner is not found. (Pen C § 1411; People v. Superior Court (McGraw), 100 Cal. App. 3d 154, 158, 160 Cal. Rptr. 663 (1979))

However, due process requires the People to prove by a preponderance of the evidence that the seized property was in fact stolen or embezzled, if no charges are pending and no conviction has been obtained. Although it may be suspected that the seized property was stolen, that fact must be proven by due process of law. (People v. Lawrence, 140 Cal. App. 2d 133, 138, 295 P 2d 4 (1956)) Evidence Code § 637 provides that the "things which a person possesses are presumed to be owned by him."

Research References

*Text References*

C.J.S., Searches and Seizures §§ 217-226

*West's Digest References*

Searches and Seizures ⊂=84

NOTES TO FORM

VI.  ARREST WARRANT

§ 17:30  Arrest Warrant—Motion

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ____

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | Case No. ____ |
| Plaintiff, | NOTICE OF MOTION TO SUPPRESS EVIDENCE (Pen C § 1538.5) |
| v | Date: ____ |
| ____ Defendant. | Time: ____ |
| | Place: ____ |

TO THE DISTRICT ATTORNEY OF ____ COUNTY AND/OR ____ _[HIS OR HER]_ REPRESENTATIVE:

PLEASE TAKE NOTICE that on ____ _(date,)_ at the hour of ____ or as soon thereafter as counsel may be heard in the courtroom of the above-entitled court, the defendant will move that the Court suppress as evidence and restore to the defendant all property seized and observations made under authority of and during the execution of the arrest warrant in the above-case.

This motion will be made on the ground that the search and seizure pursuant to the arrest warrant was unreasonable in violation of the Fourth and Fourteenth Amendments to the United

§ 17:30

States Constitution and violated the defendant's reasonable expectation of privacy. This motion will be made on the following grounds: ____ _[specify the legal basis for the warrant's inadequacies. For example: There was no probable cause for the issuance of the arrest warrant]._

This motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or stated orally at the conclusion of the hearing on the motion, and on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: ____

____ Attorney for Defendant

NOTES TO FORM

*Authorities*

Pen C §§ 813-814, 816, 1427
People v. Alcorn (1993) 15 Cal 4th 652, 19 Cal Rptr 2d 47

*Commentary*

A warrant of arrest is a written order, issued by a judge, directing any peace officer to arrest a designated person. The request for an arrest warrant must be supported by a sworn affidavit setting forth the essential facts constituting the offense and sufficient facts to establish that the defendant committed it. (Giordenello v. U.S., 357 U.S. 480, 485, 78 S. Ct. 1245, 2 L. Ed. 2d 1503))The supporting affidavit must "allege supporting facts upon which the magistrate may find probable cause to arrest the accused." (Pen C §§ 813, 1427; People v. Sesslin, 68 Cal 2d 418, 421, 67 Cal. Rptr. 409, 439 P 2d 321 (1968))

*Grounds to challenge:* A judge may issue an arrest warrant only if evidence is presented that the offense complained of has been committed and there is "reasonable cause" to believe the defendant has committed it. (Pen C §§ 813, 1427) "Reasonable cause" and "probable cause" and "sufficient cause" are synonymous terms. (Ortega v. Superior Court, 135 Cal. App. 3d 244, 256, 185 Cal Rptr 297 (1982)) Any tangible evidence seized or observations made based upon an arrest warrant lacking a probable cause basis for its issuance may be suppressed.

*Arrest warrant's existence must be proved:* Police officers do not have to have a copy of an arrest warrant in their possession in order to make a valid arrest, when they are informed through official channels of the warrant's existence (Pen C § 842; People v. Sanford, 265 Cal App 2d 960, 71 Cal. Rptr. 790 (1968)) However, upon demand the warrant must be produced in court. The production of a warrant abstract showing the existence of a facially valid warrant is sufficient. (People v. Alcorn (1993) 15 Cal 4th 652, 19 Cal Rptr 2d 47) If challenged, the prosecution must prove that the arresting officer actually received the transmitted arrest warrant information and, to protect against manufactured probable cause, the prosecution retains the burden of proving the source of information was something other than the imagination of another law enforcement officer. (People v.

Cal. Crim Pr, Mo, Ji, Serv

## § 17:29

charged with or convicted of any crime and even if a third party owner is not found. (Pen C § 1411; People v. Superior Court (McGraw), 100 Cal. App. 3d 154, 158, 160 Cal. Rptr. 663 (1979)) However, due process requires the People to prove by a preponderance of the evidence that the seized property was in fact stolen or embezzled, if no charges are pending and no conviction has been obtained. Although it may be suspected that the seized property was stolen, that fact must be proven by due process of law. (People v. Lawrence, 140 Cal. App. 2d 133, 136, 295 P.2d 4 (1956)) Evidence Code § 637 provides that the "things which a person possesses are presumed to be owned by him."

### Research References

*Text References*

C.J.S., Searches and Seizures §§ 217-226

*West's Digest References*

Searches and Seizures ⊱=84

NOTES TO FORM

## VI. ARREST WARRANT

### § 17:30 Arrest Warrant—Motion

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ——

PEOPLE OF THE STATE OF CALIFORNIA,

    Plaintiff,

v

    Defendant.

Case No.——

NOTICE OF MOTION TO

SUPPRESS EVIDENCE

(Pen C § 1538.5)

Date:——

Time:——

Place:——

TO THE DISTRICT ATTORNEY OF ——
COUNTY AND/OR —— *[HIS OR HER]* REPRESENTATIVE:

PLEASE TAKE NOTICE that on —— *(date)*, at the hour of ——, or as soon thereafter as counsel may be heard in the courtroom of the above-entitled court, the defendant will move that the Court suppress as evidence and restore to the defendant all property seized and observations made under authority of and during the execution of the arrest warrant in the above-case.

This motion will be made on the ground that the search and seizure pursuant to the arrest warrant was unreasonable in violation of the Fourth and Fourteenth Amendments to the United

96

---

Search and Seizure

## § 17:30

States Constitution and violated the defendant's reasonable expectation of privacy. This motion will be made on the following grounds:—— *[specify the legal basis for the warrant's inadequacies. For example: There was no probable cause for the issuance of the arrest warrant.]*

This motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or stated orally at the conclusion of the hearing on the motion, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated:——

————————————————
Attorney for Defendant

NOTES TO FORM

### Authorities

Pen C §§ 813-814, 836, 1427

People v. Alcorn (1993) 15 Cal 4th 652, 19 Cal Rptr 2d 47

### Commentary

A warrant of arrest is a written order, issued by a judge, directing any peace officer to arrest a designated person. The request for an arrest warrant must be supported by a sworn affidavit setting forth the essential facts constituting the offense and sufficient facts to establish that the defendant committed it. (Giordenello v. U.S., 357 U.S. 480, 485, 78 S. Ct. 1245, 2 L. Ed. 2d 1503 (1958)) The magistrate must "allege underlying facts upon which the independently find probable cause to arrest the accused." (Pen C §§ 813, 1427; People v. Sesslin, 68 Cal 2d 418, 67 Cal. Rptr. 409, 439 P.2d 321 (1968))

**Grounds to challenge:** A judge may issue an arrest only if evidence is presented that the offense complained of has been committed and there is "reasonable cause" to believe the defendant has committed it. (Pen C §§ 813, 1427) "Reasonable cause" and "probable cause" are synonymous terms. (Ortega v Superior Court, 135 Cal 3d 244, 256, 185 Cal Rptr 297 (1982)) Any tangible evidence seized or observations made based upon an arrest warrant lacking a probable cause basis for its issuance may be suppressed.

**Arrest warrant's existence must be proved:** Police officers do not have to have a copy of an arrest warrant in their possession in order to make a valid arrest, when they are informed through official channels of the warrant's existence. (Pen C § 842; People v. Sanford, 265 Cal. App. 2d 960, 71 Cal. Rptr. 790 (1968)) However, upon demand the warrant must be produced in court. The production of a warrant abstract showing the existence of a facially valid warrant is sufficient. (People v Alcorn (1993) 15 Cal 4th 652, 19 Cal Rptr 2d 47) If challenged, the prosecution must prove that the arresting officer actually received the transmitted arrest warrant information and, to protect against manufactured probable cause, the prosecution retains the burden of proving the source of information was something other than the imagination of another law enforcement officer. (People v.

97

§ 17:29                                   Cal. Crim. Pr., Mo, JL Serr

charged with or convicted of any crime and even if a third party owner is not found. (Pen C § 1411, People v. Superior Court (McGraw), 100 Cal. App. 3d 154, 158, 160 Cal. Rptr. 663 (1979)) However, due process requires the People to prove by a preponderance of the evidence that *the seized property was in fact stolen or embezzled, if no charges are pending and no conviction has been obtained.* Although it may be suspected that the seized property was stolen, that fact must be proven by due process of law. (People v. Lawrence, 140 Cal. App. 2d 133, 136, 295 P.2d 4 (1956)) Evidence Code § 637 provides that "things which a person possesses are presumed to be owned by him."

### Research References

*Text References*
C.J.S., Searches and Seizures §§ 217-226

*West's Digest References*
Searches and Seizures ⬸84

## NOTES TO FORM

## § 17:30   Arrest Warrant—Motion

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF _____

PEOPLE OF THE STATE OF
CALIFORNIA,

                    Plaintiff,

        v.

_____

                    Defendant.

Case No. _____

NOTICE OF MOTION TO
SUPRESS EVIDENCE
(Pen C § 1538.5)

NOTICE OF MOTION TO
_____
(Pen C § _____)

Date: _____
Time: _____
Place: _____

TO THE DISTRICT ATTORNEY OF _____
COUNTY AND/OR _____ [HIS OR HER] REPRESENTATIVE:

PLEASE TAKE NOTICE that on _____ [date,] at the hour of _____ or as soon thereafter as counsel may be heard in the courtroom of the above-entitled court, the defendant will move that the Court suppress as evidence and restore to the defendant all property seized and observations made under authority of and during the execution of the arrest warrant in the above-case.

This motion will be made on the ground that the search and seizure pursuant to the arrest warrant was unreasonable in violation of the Fourth and Fourteenth Amendments to the United

---

Search and Seizure                                   § 17:30

States Constitution, and violated the defendant's reasonable expectation of privacy. This motion will be made on the following grounds: _____ *[specify the legal basis for the warrant's inadequacies. For example: There was no probable cause for the issuance of the arrest warrant].*

This motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or stated orally at the conclusion of the hearing on the motion, on all the papers and documentary evidence as may be presented at the hearing of the motion.

Dated: _____

_____
Attorney for Defendant

## NOTES TO FORM

### Authorities
Pen C §§ 813-814, 816, 1427
People v. Alorn (1993) 15 Cal 4th 652, 19 Cal Rptr 2d 47

### Commentary
A warrant of arrest is a written order, issued by a judge, directing any peace officer to a designated person. The request for an arrest warrant must be supported by a sworn affidavit setting forth the essential facts constituting the offense and sufficient facts to establish that the defendant committed it. (Giordenello v. U.S., 357 U.S. 480, 485, 78 S. Ct. 1245, 2 L. Ed. 2d 1503 (1958)) The supporting affidavit must "allege underlying facts upon which the magistrate can independently find probable cause that the accused." (Pen C §§ 813, 1427; People v. Sesslin, 68 Cal. 2d 418, 421, 67 Cal. Rptr. 409, 439 P.2d 321 (1968))

**Grounds to challenge.** A judge may issue an arrest warrant only if evidence is presented that the offense complained of has been committed and there is "reasonable cause" to believe the defendant has committed it. (Pen C §§ 813, 1427) "Reasonable cause" and "probable cause" and "sufficient cause" are synonymous terms. (Ortega v. Superior Court, 135 Cal. App. 3d 244, 256, 185 Cal. Rptr. 297 (1982)) Any tangible evidence seized or observations made based upon an arrest warrant lacking a probable cause basis for its issuance may be suppressed.

**Arrest warrant's existence must be proved.** Police officers do not have to have a copy of an arrest warrant in their possession in order to make a valid arrest, when they are informed through official channels of the warrant's existence. (Pen C § 842; People v. Sanford, 265 Cal. App. 2d 960, 71 Cal. Rptr. 790 (1968)) However, upon demand the warrant must be produced in court. The production of a warrant abstract showing the existence of a facially valid warrant is sufficient. (People v. Alorn (1993) 15 Cal 4th 652, 19 Cal Rptr 2d 47) If challenged, the prosecution must prove that the arresting officer actually received the transmitted arrest warrant information and, to protect against manufactured probable cause, the prosecution retains the burden of proving the source of information was something other than the imagination of another law enforcement officer. (People v.

§ 17:29

Cal. Crim. Pr., Mo., Jt., Serv

charged with or convicted of any crime and even if a third party owner is not found. (Pen C § 1411; People v. Superior Court (McGraw), 100 Cal. 3d 154, 158, 160 Cal. Rptr. 663 (1979)) However, due process requires that the People to prove by a preponderance of the evidence that the seized property was in fact stolen or embezzled, if no charges are pending and no conviction has been obtained. Although it may be suspected that the seized property was stolen, that fact must be proven by due process of law. (People v. Lawrence, 140 Cal. App. 2d 133, 138, 295 P.2d 4 (1956)) Evidence Code § 637 provides that the "things which a person possesses are presumed to be owned by him."

**Research References**

*Text References*
C.J.S., Searches and Seizures §§ 217-226

*West's Digest References*
Searches and Seizures ⊂=84

**NOTES TO FORM**

## VI. ARREST WARRANT

### § 17:30   Arrest Warrant—Motion

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ____

PEOPLE OF THE STATE OF CALIFORNIA,

    Plaintiff,

    v.

_____

    Defendant.

Case No. ____
NOTICE OF MOTION TO SUPPRESS EVIDENCE
(Pen C § 1538.5)
Date: ____
Time: ____
Place: ____

TO THE DISTRICT ATTORNEY OF ____ COUNTY AND/OR ____ [HIS OR HER] REPRESENTATIVE:

PLEASE TAKE NOTICE that on ____ [date], at the hour of ____ or as soon thereafter as counsel may be heard in the courtroom of the above-entitled court, the defendant will move that the Court suppress as evidence and restore to the defendant all property seized and observations made under authority of and during the execution of the arrest warrant in the above-case.

This motion will be made on the ground that the search and seizure pursuant to the arrest warrant was unreasonable in violation of the Fourth and Fourteenth Amendments to the United

96

---

Search and Seizure

§ 17:30

States Constitution, and violated the defendant's reasonable expectation of privacy. This motion will be made on the following grounds:____ [specify the legal basis for the warrant's inadequacies. For example: There was no probable cause for the issuance of the arrest warrant].

This motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or stated orally at the conclusion of the hearing on the motion, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: ____

_____
Attorney for Defendant

**NOTES TO FORM**

*Authorities*
Pen C §§ 813-814, 816, 1427
People v. Aborn (1993) 15 Cal 4th 652, 19 Cal Rptr 2d 47

*Commentary*
A warrant of arrest is a written order, issued by a judge, directing any peace officer to arrest a designated person. The request for an arrest warrant must be supported by a sworn affidavit setting forth the essential facts constituting the offense and sufficient facts to establish that the defendant committed it. (Giordenello v. U.S., 357 U.S. 480, 485, 78 S. Ct. 1245, 2 L. Ed. 2d 1503 (1958)) The supporting affidavit must "allege supporting facts upon which the magistrate can independently find probable cause to arrest the accused." (Pen C §§ 813-814; People v. Sesslin, 68 Cal. 2d 418, 421, 67 Cal. Rptr. 409, 439 P.2d 321 (1968))

*Grounds to challenge:* A judge may issue an arrest warrant only if evidence is presented that the offense complained of has been committed and there is "reasonable cause" to believe the defendant has committed it. (Pen C §§ 813, 1427) "Reasonable cause" and "probable cause" are synonymous terms. (Ortega v. Superior Court, 135 Cal App 3d 244, 256, 185 Cal Rptr 297 (1982)) Any tangible evidence seized or observations made based upon an arrest warrant lacking a probable cause basis for its issuance may be suppressed.

*Arrest warrant's existence must be proved:* Police officers do not have to have a copy of an arrest warrant in their possession in order to make a valid arrest, when they are informed through official channels of the warrant's existence. (Pen C § 842; People v. Sanford, 265 Cal. App. 2d 960, 71 Cal. Rptr. 790 (1968)) However, upon demand the warrant must be produced in court. The production of a warrant abstract showing the existence of a facially valid warrant is sufficient. (People v. Aborn (1993) 15 Cal 4th 652, 19 Cal Rptr 2d 47) If challenged, the prosecution must prove that the arresting officer actually received the transmitted arrest warrant information and, to protect against manufactured probable cause, the prosecution retains the burden of proving the source of information was something other than the imagination of another law enforcement officer. (People v.

97

CAL. CRIM. PR., MO., JL. SENT

§ 17:29

charged with or convicted of any crime and even if a third party owner is not found. (Pen C § 1411; People v. Superior Court (McGraw), 100 Cal. App. 3d 154, 158, 160 Cal. Rptr. 663 (1979)) However, due process requires the People to prove by a preponderance of the evidence that the seized property was in fact stolen or embezzled, if no charges are pending and no conviction has been obtained. Although it may be suspected that the seized property was stolen, that fact must be proven by due process of law. (People v. Lawrence, 140 Cal. App. 2d 133, 138, 295 P.2d 4 (1956)) Evidence Code § 637 provides that the "things which a person possesses are presumed to be owned by him."

Research References

Text References
C.J.S., Searches and Seizures §§ 217-226

West's Digest References
Searches and Seizures ⊂=84

NOTES TO FORM

§ 17:30  Arrest Warrant—Motion

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF _____

| PEOPLE OF THE STATE OF CALIFORNIA, | Case No. _____ |
| Plaintiff, | NOTICE OF MOTION TO SUPPRESS EVIDENCE |
| v. | (Pen C § 1538.5) |
| _____ | Date: _____ |
| Defendant. | Time: _____ |
| | Place: _____ |

TO THE DISTRICT ATTORNEY OF _____ COUNTY AND/OR _____ [HIS OR HER] REPRESENTATIVE:

PLEASE TAKE NOTICE that on _____ [date], at the hour of _____ or as soon thereafter as counsel may be heard in the courtroom of the above-entitled court, the defendant will move that the Court suppress as evidence and restore to the defendant all property seized and observations made under authority of and during the execution of the arrest warrant in the above-case.

This motion will be made on the ground that the search and seizure pursuant to the arrest warrant was unreasonable in violation of the Fourth and Fourteenth Amendments to the United

SEARCH AND SEIZURE

§ 17:30

States Constitution and violated the defendant's reasonable expectation of privacy. This motion will be made on the following grounds: _____ [specify the legal basis for the warrant's inadequacies. For example: There was no probable cause for the issuance of the arrest warrant].

This motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or presented orally at the conclusion of the hearing on the motion, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: _____

_____
Attorney for Defendant

NOTES TO FORM

Authorities
Pen C §§ 813-814, 816, 1427
People v. Alcorn (1993) 15 Cal. 4th 652, 19 Cal. Rptr. 2d 47

Commentary
A warrant of arrest is a written order, issued by a judge, directing any peace officer to arrest a designated person. The request for an arrest warrant must be supported by a sworn affidavit setting forth the essential facts constituting the offense and sufficient facts to establish that the defendant committed it. (Giordenello v. U.S., 357 U.S. 480, 485, 78 S. Ct. 1245, 2 L. Ed. 2d 1503 (1958)) The supporting affidavit must "allege underlying facts upon which the magistrate can independently find probable cause to arrest the accused." (Pen C §§ 813, 1427; People v. Sesslin, 68 Cal. 2d 418, 421, 67 Cal. Rptr. 409, 439 P.2d 321 (1968))

Grounds to challenge. A judge may issue an arrest warrant only if evidence is presented that the offense complained of has been committed and that there is "reasonable cause" to believe the defendant has committed it. (Pen C §§ 813, 1427) "Reasonable cause" and "probable cause" and "sufficient cause" are synonymous terms. (Ortega v. Superior Court, 135 Cal. App. 3d 244, 256, 185 Cal. Rptr. 297 (1982)) Any tangible evidence seized or observations made based upon an arrest warrant lacking a probable cause basis for its issuance may be suppressed.

Arrest warrant's existence must be proved. Police officers do not have to have a copy of an arrest warrant in their possession in order to make a valid arrest, when they are informed through official channels of the warrant's existence. (Pen C § 842; People v. Sanford, 265 Cal. App. 2d 960, 71 Cal. Rptr. 790 (1968)) However, upon demand the warrant must be produced in court. The production of a warrant abstract showing the existence of a facially valid warrant is sufficient. (People v. Alcorn (1993) 15 Cal 4th 652, 19 Cal Rptr 2d 47) If challenged, the prosecution must prove that the arresting officer actually received the transmitted arrest warrant information and, to protect against manufactured probable cause, the prosecution retains the burden of proving the source of information was something other than the imagination of another law enforcement officer. (People v.

## § 17.29

charged with or convicted of any crime and even if a third party owner is not found. (Pen C § 1411, People v. Superior Court (McGraw), 100 Cal. App. 3d 154, 158, 160 Cal. Rptr. 663 (1979)) However, due process requires the People to prove by a preponderance of the evidence that the seized property was in fact stolen or embezzled, if no charges are pending and no conviction has been obtained. Although it may be suspected that the seized property was stolen, that fact must be proven by due process of law. (People v. Lawrence, 140 Cal. App. 2d 133, 136, 295 P.2d 4 (1956)) Evidence Code § 637 provides that the "things which a person possesses are presumed to be owned by him."

### Research References

*Text References*
C.J.S., Searches and Seizures §§ 217-226

*West's Digest References*
Searches and Seizures ⊂=84

NOTES TO FORM

## VI.   ARREST WARRANT

### § 17.30   Arrest Warrant—Motion

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ____

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>          Plaintiff,<br><br>    v<br><br>____<br><br>          Defendant. | Case No. ____<br>NOTICE OF MOTION TO<br>SUPPRESS EVIDENCE<br>(Pen C § 1538.5)<br>NOTICE OF MOTION<br>(Pen C § 1538.5)<br>Date: ____<br>Time: ____<br>Place: ____ |

TO THE DISTRICT ATTORNEY OF ____ COUNTY AND/OR ____ *[HIS OR HER]* REPRESENTATIVE:

PLEASE TAKE NOTICE that on ____ *[date,]* at the hour of ____ or as soon thereafter as counsel may be heard in the courtroom of the above-entitled court, the defendant will move that the Court suppress as evidence and restore to the defendant all property seized and observations made under authority of and during the execution of the arrest warrant in the above-case.

This motion will be made on the ground that the search and seizure pursuant to the arrest warrant was unreasonable in violation of the Fourth and Fourteenth Amendments to the United

## § 17.30

States Constitution and violated the defendant's reasonable expectation of privacy. This motion will be made on the following grounds: ____ *(Specify the legal basis for the warrant's inadequacies. For example: There was no probable cause for the issuance of the arrest warrant.)*

This motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or stated orally at the conclusion of the hearing on the motion, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: ____

                              Attorney for Defendant

NOTES TO FORM

**Authorities**
Pen C §§ 813-814, 816, 1427
People v. Alcorn (1993) 15 Cal 4th 652, 19 Cal Rptr 2d 47

**Commentary**
A warrant of arrest is a written order, issued by a judge, directing any peace officer for an arrest warrant must be supported by a sworn affidavit setting forth the essential facts constituting the offense and sufficient facts to show that the offense was committed at... (Giordenello v. U.S., 357 U.S. 480, 485, 78 S. Ct. 1245, 2 L. Ed. 2d 1503 (1958)) The supporting affidavit must "allege underlying facts upon which the magistrate can independently find probable cause to arrest the accused." (Pen C §§ 813, 1427; People v. Sesslin, 68 Cal 2d 418, 421, 67 Cal Rptr. 409, 439 P.2d 321 (1968))

**Grounds to challenge.** A judge may issue an arrest warrant only if evidence is presented that the offense complained of has been committed and there is "reasonable cause" to believe the defendant has committed it. (Pen C §§ 813, 1427) "Reasonable cause" and "probable cause" and "sufficient cause" are synonymous terms. (Ortega v. Superior Court, 135 Cal. App. 3d 244, 256, 185 Cal. Rptr. 297 (1982)) Any tangible evidence seized or observations made based upon an arrest warrant lacking a probable cause basis for its issuance may be suppressed.

**Arrest warrant's existence must be proved.** Police officers do not have to have a copy of an arrest warrant in their possession in order to make a valid arrest, when they are informed through official channels of the warrant's existence. (Pen C § 842; People v. Sanford, 265 Cal App 2d 960, 71 Cal Rptr. 790 (1968)) However, upon demand the warrant must be produced in court. The production of a warrant abstract showing the existence of a facially valid warrant is sufficient. (People v. Alcorn (1993) 15 Cal 4th 652, 19 Cal Rptr 2d 47) If challenged, the prosecution must prove that the arresting officer actually received the transmitted arrest warrant information and, to protect against manufactured probable cause, the prosecution retains the burden of proving the source of information was something other than the imagination of another law enforcement officer. (People v.

charged with or convicted of any crime and even if a third party owner is not found. (Pen C § 1411; People v. Superior Court (McGraw), 100 Cal. App. 3d 154, 158, 160 Cal. Rptr. 663 (1979)) However, due process requires that *the seized property was in fact stolen or embezzled,* if no charges are pending and no conviction has been obtained. Although it may be suspected that the seized property was stolen, that fact must be proven by due process of law. (People v. Lawrence, 140 Cal. App. 2d 133, 138, 295 P.2d 4 (1956)) Evidence Code § 637 provides that the "things which a person possesses are presumed to be owned by him."

### Research References

*Text References*
C.J.S., Searches and Seizures §§ 217-226

*West's Digest References*
Searches and Seizures ⊝84

## NOTES TO FORM

## VI. ARREST WARRANT

### § 17:30   Arrest Warrant—Motion

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF _____

| PEOPLE OF THE STATE OF CALIFORNIA, | Case No.: _____ |
|---|---|
| Plaintiff, | NOTICE OF MOTION TO SUPPRESS EVIDENCE |
| v | (Pen C § 1538.5) |
| _____ | Date: _____ |
| Defendant. | Time: _____ |
| | Place: _____ |

TO THE DISTRICT ATTORNEY OF _____ COUNTY AND/OR _____
PLEASE TAKE NOTICE that on _____ *[date],* at the hour of _____ or as soon thereafter as counsel may be heard in the courtroom of the above-entitled court, the defendant will move that the Court suppress as evidence and restore to the defendant all property seized and observations made under authority of and during the execution of the arrest warrant in the above-case.

This motion will be made on the ground that the search and seizure pursuant to the arrest warrant was unreasonable in violation of the Fourth and Fourteenth Amendments to the United

States Constitution and violated the defendant's reasonable expectation of privacy. This motion will be made on the following grounds: _____ *[Specify the legal basis for the warrant's inadequacies. For example: There was no probable cause for the issuance of the arrest warrant.]*

This motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or presented orally at the conclusion of the hearing on the motion, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: _____

_____
Attorney for Defendant

## NOTES TO FORM

### Authorities
Pen C §§ 813-814, 816, 1427
People v Alcorn (1993) 15 Cal 4th 652, 19 Cal Rptr 2d 47

### Commentary
A warrant of arrest is a written order, issued by a judge, directing any peace officer to arrest a designated person. The request for an arrest warrant must be supported by a sworn affidavit setting forth the essential facts constituting the offense and sufficient facts to establish that the defendant committed it. (Giordenello v. U.S., 357 U.S. 480, 485, 78 S. Ct. 1245, 2 L. Ed. 2d 1503 (1958)) The supporting affidavit must "allege underlying facts upon which the magistrate can independently find probable cause to arrest the accused." (Pen C §§ 813, 1427; People v. Sesslin, 68 Cal. 2d 418, 421, 67 Cal. Rptr. 409, 439 P.2d 321 (1968))

**Grounds to challenge:** A judge may issue an arrest warrant only if evidence is presented that the offense complained of has been committed and there is "reasonable cause" to believe the defendant has committed it. (Pen C §§ 813, 1427) "Reasonable cause" and "probable cause" and "sufficient cause" are synonymous terms. (Ortega v. Superior Court, 135 Cal. App. 3d 244, 256, 185 Cal. Rptr 297 (1982)) Any tangible evidence seized or observations made based upon an arrest warrant lacking a probable cause basis for its issuance may be suppressed.

**Arrest warrant's existence must be proved:** Police officers do not have to have a copy of an arrest warrant in their possession in order to make a valid arrest, when they are informed through official channels of the warrant's existence. (Pen C § 842; People v. Stanford, 265 Cal. App. 2d 960, 71 Cal. Rptr. 790 (1968)) However, upon demand the warrant must be produced in court. The production of a warrant abstract showing the existence of a facially valid warrant is sufficient. (People v Alcorn (1993) 15 Cal 4th 652, 19 Cal Rptr 2d 47) If challenged, the prosecution must prove that the arresting officer actually received the warrant information and, to protect against manufactured probable cause, the prosecution retains the burden of proving the source of information was something other than the imagination of another law enforcement officer. (People v.

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

(If petitioner is attacking a judgment which imposed a sentence to be served in the
future, petitioner must fill in the name of the state where the judgment was
entered.  If petitioner seeks to attack a sentence to be served in the future under a
federal judgment, petitioner should file a motion under 28 U.S.C. § 2255 in the
federal court that entered the judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY
### Instructions - Read Carefully

(1)   This petition must be legibly handwritten or typewritten and signed by the petitioner
under penalty of perjury.  Any false statement of a material fact may serve as the basis for
prosecution and conviction for perjury.  All questions must be answered concisely in the
proper space on the form.

(2)   Additional pages are not permitted except with respect to the facts which you rely upon to
support your grounds for relief.  No citation of authorities need be furnished.  If briefs or
oral arguments are submitted, they should be submitted in the form of a separate
memorandum.

(3)   Upon receipt of a filing fee of $5.00 your petition will be filed if it is in proper order.

(4)   If you do not have the necessary funds for transcripts, counsel, appeal, and other costs
connected with this petition, you may request permission to proceed in forma pauperis, in
which event you must complete and execute the Application to Proceed In Forma
Pauperis by a Prisoner appended to this petition.  You must have a prison or jail official
complete the Certification section on the back of the application.  If you submit an
incomplete application, your request to proceed in forma pauperis will be denied.

(5)   Only judgments entered by one court may be challenged in a single petition.  If you seek
to challenge judgments entered by different courts either in the same state or in different
states, you must file separate petitions as to each court.

(6)   You must include all grounds for relief and all facts supporting such grounds for relief in
the petition you file seeking relief from any judgment of conviction.

(7)   When the petition is fully completed, mail the original and at least two copies to:

Clerk of the U.S. District Court
for the Eastern District of California
501 I Street, Room 4-400
Sacramento, California 95814

"instruct.hab"                                                                 Rev'd 1/04

# SACRAMENTO COUNTY SHERIFF'S DEPARTMENT
## CORRECTIONAL SERVICES

## INMATE GRIEVANCE/SUGGESTION

| NAME (PRINT LAST, FIRST, MIDDLE) | DATE OF BIRTH | XREF NUMBER | DATE |
|---|---|---|---|
| SAKSIE  Travis  W. | | | |
| INMATES SIGNATURE | INMATE'S LOCATION | DATE AND TIME OF OCCURRANCE | |
| | | 8-10-13 | |

**INSTRUCTIONS:** PLEASE PRINT YOUR NAME ON THE FORM AS IT APPEARS ON YOUR WRISTAND AND INCLUDE YOUR XREF NUMBER. IF MORE THAN ONE PERSON IS SIGNING THE GRIEVANCE/SUGGESTION, PLEASE PLACE FULL NAMES AND XREF NUMBERS AT THE END OF THE FORM. USE A SECOND FORM IF MORE SPACE IS NEEDED.

GRIEVANCE/SUGGESTION:

I AM APPEALING SGT ROBERTS FINDING OF GUILT FOR WRIT- MR# 2070342005 DUE TO THE OFFICER IN THE REPORT DID NOT REPORT ANYTHING SPECIFIC I SAID TO HIM TO BE CONSIDERED "INSUBORDINATE/DISRUPTIVE". DEPUTY DRUMMOND #2508 LIED IN HIS REPORT SAYING HE SUSPECTED ME OF "CHSEKING" THE MEDS BECAUSE HE SAW THE NURSE CRUSH MY MEDS. ANY CHECK MY MOUTH, THERE IS NO WAY POSSIBLE TO "CHSEK" CRUSHED MEDS. HE IS A LIAR AND ABUSED HIS AUTHORITY TO HARASS ME AT 2:30 AM WITH A CELL SEARCH BECAUSE HE WAS MAD I CHECKED HIM FOR ATTEMPTING TO GET INVOLVED IN MY CONVERSATION WITH THE NURSE ABOUT A MEDICAL ISSUE. ALSO I AM APPEALING THIS VIOLATION OF TITLE 15 LAWS DUE TO JAIL STAFF ARE REFUSING TO GIVE ME MY RIGHT TO EXERCISE 3 HOURS PER WEEK OVER A 7 DAY PERIOD.

| RECEIVING OFFICER (PRINT) | BADGE NO. | SIGNATURE | DATE/TIME |
|---|---|---|---|
| KYLE IKENOUT | 2586 | | |
| RECEIVING OFFICERS/SUPERVISOR'S COMMENTS | | | |
| | | | |
| SUPERVISOR'S NAME (PRINT) | BADGE NO. | SIGNATURE | DATE/TIME |
| | | | |

7400-012 (7421-084 Rev 1/90 PT)

DISTRIBUTION:
WHITE – DIVISION COMMANDER
YELLOW – INMATE FILE
PINK - INMATE

PAGE _____ OF _____