IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **JERRY BAKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | Civil Action No. 5:14-11951 |
| ) | |
| **DARREN YOUNG,** ) | |
| ) | |
| **Defendant.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On March 10, 2014, Plaintiff, acting *pro se*, filed a "Request to Waive Court Fees" and Complaint seeking relief pursuant to Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq*.[1] (Document Nos. 1 - 3.) In his Complaint, Plaintiff names Officer Darren Young as the Defendant. (Document No. 3.) Plaintiff complains that on December 22, 2012, Officer Young seized $2,401 from Plaintiff in Vacaville, California. (Document No. 3.) Plaintiff states that "the case was dismissed" on February 6, 2013, but Plaintiff "still has not been given [his] $2,401.00 back." (Id.) Plaintiff, therefore, requests that his forfeited property be returned. (Id.)

As Exhibits, Plaintiff attaches the following: (1) A copy of Section 27315 regarding "Mandatory Seat Belt Law" (Id., pp. 4 - 6.); (2) A copy of a "Return of Property - Motion" form from the California Criminal Procedure Manuel (Id., pp. 7 - 15.); (3) A copy of a "Arrest Warrant - Motion" form from the California Criminal Procedural Manuel (Id., pp. 16 - 25.); (4) A copy of a blank form "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (Id., p. 25 and Document No. 3-2, pp. 4 - 20, 27 - 50.); (5) A copy of an "Inmate

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Grievance/Suggestion" from the "Sacramento County Sheriff's Department Correctional Services" (Document No. 3, p. 26.); (6) A copy of an article from the California Criminal Law, Fourth Edition, on Medical Marijuana (Document No. 3-1.); (7) A copy of the Sentencing Table from the United States Sentencing Guidelines (Document No. 3-2, pp. 1 - 3.); (8) A copy of a blank "Application to Proceed in Forma Pauperis By a Prisoner" (Id., pp. 21 - 26.); (9) A copy of a blank form "Order on Request for Court Order (Small Claims)" from the Judicial Council of California (Id., p. 51.); (10) A copy of a blank form for an "Authorization to Appeal" from the Judicial Council of California (Id., p. 52.); (11) A copy of a blank form for an "Authorization to Appear" from the Judicial Council of California (Id., pp. 53 - 54.); and (12) A copy of a blank form for a "Request to Postpone Small Claims Hearing" from the Judicial Council of California (Id., pp. 55 - 56.).[2]

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989).

---

[2] By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 6.)

A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

Plaintiff asserts claims against Defendant Young, who is not a resident of the State of West Virginia. Two conditions must be satisfied for a district court to assert personal jurisdiction over a non-resident defendant: (1) A state long-arm jurisdiction statute must authorize jurisdiction over the non-resident defendant; or (2) The court's exercise of personal jurisdiction over the non-resident defendant must "comport with the Due Process Clause." Mylan Lab, Inc. v. Akzo, N.V., 2 F.3d 56, 59-60 (4th Cir. 1993); In re Celotex Corp., 124 F.3d 619, 627 (4th Cir. 1997). Since "the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary in this case to go through the normal two-step formula for determining the existence of personal jurisdiction." In re Celotex Corp., 124 F.3d at 627-28(citation omitted); also see York v. Property and Casualty Ins. Co. of Hartford, 2013 WL 5504435 (S.D.W.Va. Oct. 3, 2013)("the statutory inquiry mergers with the constitutional inquiry, and the two inquires essentially become one.) Therefore, the court's inquiry centers on whether the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause.

It is well established that the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause "if the defendant has sufficient 'minimum

contacts' with the forum such that requiring the defendant to defend its interests in the forum does not 'offend traditional notions of fair play and substantial justice.'" In re Celotex Corp., 124 F.3d at 628(quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). When assessing the "minimum contacts," courts should consider whether the defendant's contacts with the forum also provides the basis for the suit. Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 397 (4th Cir. 2003). If the defendant's contact with the forum state provides the basis for the suit, courts may exercise what is known as "specific jurisdiction." Id. To determine whether specific jurisdiction exists, the Court should consider the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. If the defendant's contact with the forum state does not provide the basis for the suit, a court may only exercise "general jurisdiction." Id. General jurisdiction is appropriate only where the defendant's contacts with the forum are "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

Plaintiff alleges that Defendant Young is police officer in Vacaville, California. All of the allegations against Defendant Young occurred in California. Plaintiff fails to allege any type of contact between the State of West Virginia and Defendant Young. Accordingly, Plaintiff's claims against Defendant Young should be dismissed because this Court lacks personal jurisdiction.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the

District Court **DENY** Plaintiff's "Request to Waive Court Fees" (Document No. 1), **DISMISS** Plaintiff's Complaint (Document No. 3) and remove this matter from the Court's docket.

Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: September 23, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge